## VAN HOOK'S EXECUTORS v. LETCHFORD & CO.

1. Plaintiffs sued V.'s executors on a note of a mercantile firm styled Moss & Co., and alleged that V. was a partner in that firm. The executors pleaded the general denial, and also a sworn special answer, in which they set forth that they were well acquainted with their testator in his lifetime, and often heard him speak of his business affairs, but never heard him say or intimate that he was a partner in the firm; that never, during his lifetime, had they heard any one else so state or intimate; but that a different person, one S., was generally understood to be the partner of Moss in the firm; and they prayed that this answer be taken, both as a plea of *non est factum* and a denial of the partnership alleged by the plaintiffs. *Held*, that these

negative averments are not sufficient to "cast suspicion" on the note sued upon, in compliance with the requirements of Article 1442, Paschal's *Digest*, respecting pleas of *non est factum* filed by representatives of other persons.

2. By the act of May 23, 1871, executors and administrators are made liable for damages at the rate of ten per cent. per month, when they fail or refuse to obey an order of court directing them to pay over to a creditor of the estate funds in their hands. *Held*, that a clear case of contumacy must be made out before this court will inflict these onerous damages.

ERROR from Navarro. Tried below before the Hon. F. P. Wood. The opinion and head-notes indicate all material facts. The court speaks of the affidavit as comprehending the allegations of the special answer, as well as the mere recitals of the jurat.

*C. M. Winkler*, for the plaintiffs in error.—The main question presented by the record is the correctness of the ruling of the district court in sustaining the exceptions of plaintiffs to the special answer of the defendants.

I maintain that this ruling was erroneous, first, because, as I conceive, the plea of the general issue was in itself sufficient to put the plaintiffs below on proof of the allegation that their testator was a member of the firm of H. C. Moss & Co. It will not be questioned that this plea is sufficient to put the plaintiffs on proof of all the material averments in the petition.

What are the material allegations in the petition in this cause? On an inspection it will be found that the material allegation is, that the deceased, Van Hook, was a member of the firm of H. C. Moss & Co. The execution of the note is not the fact relied on to fix the liability of the estate of Van Hook, but the material fact relied on for that purpose lies in the allegation of membership of the firm purporting to have executed the note sued on. Both the petition and the answer,

taken together or separately, show, to my mind, that the principal issue was as to whether Van Hook was a member or partner in the firm of H. C. Moss & Co. If I am correct in this conclusion, it follows of course that the special answer was unnecessary, and need not have been made.

2. If this had been a suit instituted by the firm of H. C. Moss & Co., against the plaintiffs, and not *vice versa*, in that state of case it would not have been necessary to prove the partnership, unless it had been denied under oath. The only statute on the subject is Article 1444 of the Digest, and this refers alone to suits brought by partners.

3. This being a suit against the testator of the plaintiffs in error, on a note charged to have been executed by their testator, it is conceded that the note could have been read in evidence "without the necessity of proving its execution," unless some suspicion had been cast upon it by the affidavit of the executors. (Article 1443.) But I maintain that this article goes no further; that it creates no necessity or requirement of the representative of a deceased person, sued as such in order to prevent the reading of the note sued on as evidence, than simply "cast some suspicion" upon it by affidavit; hence I contend that if the question had been as to the admissibility of the note as evidence, the plaintiffs in error, by their sworn special answers, have cast such suspicion upon it by affidavit as to have prevented its introduction as evidence.

4. I cannot see that this special plea is in any sense technically a plea of *non est factum*, to be interpreted by the rules applicable to such plea, nor that it is intended to operate as such; but if it is, then I insist that it comes fully up to the standard, tested by the plain letter of the statute. All that is demanded of the repre-

sentative of a deceased person—sued as such—to make a good plea of *non est factum*, is to cast some suspicion upon the instrument by the affidavit of such representative. It is not required that he should deny the execution of the instrument sued on, or that he should swear to the best of his knowledge and belief, or anything of the sort, nor has he to raise even a strong, but only some suspicion against it; if the sworn plea casts any, even the slightest suspicion upon the instrument, it is all the statute requires.   (Article 1442.)

The court will bear in mind the intimate relation between Van Hook and the plaintiffs in error. Among the whole circle of his friends and acquaintances, A. Barry and F. G. Melton were the ones in whom he had the greatest confidence, for it was to them he trusted the settlement of his business when he was preparing to relinquish it himself forever by appointing them the executors of his last will and testament.

When, therefore, they say that they never heard of his being a member of the firm of H. C. Moss & Co. until after his death; that they never heard either the deceased or any other person say he was such member, I ask if it is not equivalent to saying that they do not believe the allegation of partnership; that if any such existed, from their relation with the deceased they would have heard of it, either from him or somebody else, and they verily believe the same has been trumped up since his death.

It is insisted on the part of the defendants in error that the judgment of the district court ought to stand, because the plaintiffs in error declined to amend their pleadings upon the sustaining of exceptions to their special plea on the trial below.   Now, with due deference, I hold that it was not the province of the defendants in error to suggest, nor the duty of the court to

direct, a party litigant what he shall plead or what his plea shall contain. If the plaintiffs in error and their counsel shall choose to stand by their pleadings, and risk their sufficiency in a higher tribunal, it was their privilege to do so. To my mind, if the amendment suggested had been made, it would not have been one whit better, or have tended in any greater degree to cast suspicion on the transaction, than the original. This suspicion is not to be cast in any particular manner or in any set form of expression; if it is so worded as to awaken in any ordinary candid and impartial mind any doubt or any suspicion of the fairness of the transaction, this is all the law requires.

*R. Q. Mills*, for the defendants in error.—The plea was insufficient. In Tarpley v. Poag's Administrator, 2 Texas, 146, 147, the Supreme Court say that the representative of a deceased person is not required to swear in the same positive terms as one charged in his own right, but that he must swear to the best of his knowledge and belief. Also, in Parr v. Johnson, 15 Texas, 297, the administrator made oath to the best of his knowledge and belief "that the note was not the act or deed of the deceased," and the court say that it is sufficient.

The administrator should examine into the genuineness of the note, and weigh in his mind and conscience all the evidence for and against the execution of the note, and then take the preponderance of the testimony; and if the best evidence satisfied his conscience that his testator did not execute the note, then he should make the oath to the best of his knowledge and belief—the faith produced by that knowledge—the note was not executed by his testator. This would be an affidavit coming from the conscience, and the one the law re-

quires.   This affidavit they refused to make, because in conscience they could not; then they ought not to have any benefit from a cunningly devised evasion.   They have sworn to two unimportant facts, and left the whole matter untouched.

Instead of bringing their consciences into the investigation, and thereby invoking the protection of the law, they walk around them with reverential awe, regarding them as too pure and holy to be soiled by judicial handling.

Solomon Van Hook could be a partner, and could have executed that note himself for the firm, and all this be known beyond question by the administrator at the time he made the oath, and yet the sworn plea be true !   It neither denies the execution or throws suspicion on it.   Solomon Van Hook was a dormant partner. The very nature of his relation to the firm required of him secrecy.   In his life his connection with the firm was dormant; at his death it is made public.   They do not deny that since his death they found among his papers the articles of partnership with H. C. Moss & Co.

They do not deny that this paper was in their possession at the time they made the affidavit, or that since his death the surviving partner informed them that he was partner, or that they examined the books of H. C. Moss & Co., and found him a partner ; or that the books show him to have received five thousand dollars of the profits of the firm more than his copartner. All these are facts that can be true, and are not denied by the plea.   The plea only affirms that during his life they never heard him say, etc., and that during his life they never heard any one else say that he was a partner.   Even had it been possible in conscience for them to have complied with the ruling of the court, and sworn

to the best of their knowledge and belief said Van Hook was not a partner of the firm of H. C. Moss & Co., the plea would then have been insufficient. The statute requires not a denial of partnership, but the denial of the execution of the note. It was the duty of the executor in this case to throw suspicion upon the execution of the note, not upon the fact of his copartnership with H. C. Moss & Co.

In the case of Ferguson v. Wood, 23 Texas, 177, the party declared positively "that he never was a partner in the firm of Ferguson, Alexander & Co." On exception, the plea was held insufficient. On appeal, the Supreme Court say it was insufficient, "because it did not deny the execution of the note sued on."

WALKER, J.—This was an action brought by the defendants in error on a promissory note.

The plaintiffs in error, defendants below, denied the cause of action generally, and by way of special answer denied that their testator, Solomon Van Hook, was a member of the firm of H. C. Moss & Co. The special answer was sworn to, and it was probably intended that the answer should be regarded as a plea of *non est factum*. The affidavit, however, in support of the plea, we think, falls far short of the requirements of the law, Article 1442, Paschal's Digest. It cast no suspicion on the instrument sued on; it avers that the affiant never heard Van Hook, in his lifetime, say that he was a partner of H. C. Moss & Co., and that, in the lifetime of Van Hook, the affiant never heard anybody else say that he was a partner, etc.

This might all be true, and the affiant at the same time know that Van Hook was a partner of H. C. Moss & Co.

The affidavit is rather in the nature of a negative

pregnant, and is calculated to cast a stronger suspicion upon the knowledge of the affiant than upon the instrument sued on ; especially so, when we consider that the opportunity was offered of amending the affidavit, and was declined,—the plaintiffs in error preferring an appeal rather than make the simple amendment that, to the best of their knowledge and belief, Van Hook was not a member of the firm of H. C. Moss & Co.

The defendants in error filed this transcript, and suggest delay under the act of May, 1871. The damages provided under the eighth section of this act are so onerous that this court will require a clear case before it will assess them ; but we will affirm this judgment, with ordinary damages.

AFFIRMED WITH DAMAGES.