CHARLES LONG ET AL. v. J. C. AND E. M. WOOTERS.

Delivered January 27, 1898.

**Probate Court—Judgment—Final Discharge of Administrator.**

An order of the probate court in a suit partitioning the estate of a decedent which shows that all property allotted to the heirs has been turned over, and decrees that the administratrix be discharged and her sureties released, is final, exhausting the jurisdiction of that court over the subject matter, and claims against the administratrix for an improper administration must be brought in another tribunal.

APPEAL from Houston. Tried below before Hon. JAMES E. HILL, Special Judge.

*G. H. Gould* and *John I. Moore,* for appellants.

*Adams & Adams,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellants, who are the grandchildren of John Long, Sr., who died in 1859, against the appellee, E. M. Wooters and her husband, J. C. Wooters. E. M. Wooters was formerly E. M. Long, and was the second wife of the said John Long, Sr., at the time of his death. The appellants filed their petition in the probate court of Houston County on the 8th of January, 1897, alleging that the appellee, E. M. Wooters, then E. M. Long, was appointed administratrix of the estate of the said John Long, Sr., in January, 1860, and that she duly qualified and returned into court an inventory and an appraisement of the property of the estate, and that she was partially discharged by said court on the 30th of July, 1860, with funds in her hands amounting to $40,000, the proceeds of sale of lands ordered sold by said probate court, belonging to plaintiffs; and that she still has in her possession a large portion of the real estate ordered sold, and has wholly failed and refused to account to plaintiffs or to the court for the same. Petitioners further alleged, that the courthouse of Houston County was destroyed by fire in the year 1862, and again in the year 1882; that plaintiffs were partly reared by defendants, and that defendants had repeatedly stated to plaintiffs that all the records appertaining to the estate of their grandfather, the said John Long, had been destroyed by fire, and that said estate had been fairly and fully administered, and that all the heirs thereof had received in full their respective shares of said estate; which representations plaintiffs averred were false, and that plaintiffs were deceived by said representations, fully believing them to be true, until they discovered that all of the records of the administration of said estate were not destroyed, and that such of them as were preserved did not show full settlement with the heirs of the estate by the said administratrix, and full discharge of the administratrix, as by her represented to plaintiffs; and in avoidance of limitations, plaintiffs pleaded fraud and

concealment on part of defendants of the actual condition of said estate, and the administration thereof by the said E. M. Wooters; and the plaintiffs prayed that the said administratrix be required to render to the court an account of the condition of said estate.

To this petition, the defendants answered by general and special exceptions: first, the petition in its allegations is indefinite, and shows no cause of action and no relief to which plaintiffs are entitled; second, the petition shows nothing sufficient to entitle plaintiffs to relief or to put defendants on notice of any demand made on them; third, that the petition shows on its face that the plaintiffs' claim, if they ever had any, had been long since barred by the statute of limitations; fourth, the petition shows that the administration upon the estate of John Long has been closed both by order of the probate court and by lapse of time. These exceptions were heard by the probate court and overruled, and the defendant, E. M. Wooters, was ordered to file an exhibit showing the condition of said estate; and from that judgment defendant appealed to the District Court; and in that court it was agreed by the parties, that for the purpose of testing the sufficiency of the petition the entire record of the probate proceedings in the estate of John Long should be considered a part of plaintiffs' petition, and that said records as shown in exhibits attached to defendants' answer, should be considered as a part of the pleadings in this cause; and upon hearing the exceptions in the District Court, Hon. J. E. Hill, as special judge, presiding, they were sustained; and the plaintiffs declining to amend, their suit was dismissed, and they appealed to this court, and present in their brief several assignments of error, upon which they rely for a reversal of the judgment. These assignments will not be discussed seriatim, as to do so, from the view we take of the case, would be an unnecessary consumption of time.

The exhibits "A" and "B," considered in connection with the petition by the court in trying the cause upon the demurrers, are copies from the records of the probate court of Houston County of the proceedings had in the estate of John Long, deceased; and exhibit "B" discloses, among others, these facts: The administratrix, Mrs. Long, who afterwards intermarried with the appellee, J. C. Wooters, in January, 1860, obtained an order authorizing her to carry on a plantation belonging to the estate, and for renting hotel for the ensuing year, or until a division of the property could be made, and for an order for the sale of certain cotton on hand; which requested orders were granted by the court in the terms of the prayer. On May 2d guardians ad litem were appointed by the court for certain minor heirs of the estate in the suit of S. J. W. Long v. Emily M. Long, administratrix of the estate of John Long, Sr., deceased; and in this suit the administratrix agrees to relinquish her life estate in the separate property of the decedent. And all parties being before the court and consenting thereto, J. T. Heflin, W. E. Matlock, H. W. Benson, and Charles Beasley were appointed commissioners to partition the property of the estate; and at the same term of the

court the commissioners made a report showing that they had made part partition only of the property, and reported the rest not susceptible of partition, and recommended that it be sold and the proceeds divided; and on the same day the court approved the report of the commissioners, and ordered the property sold on a credit by the administratrix, and that she make return to the court; and the court further ordered that the property partitioned be turned over by the administratrix to the several distributees, and that the administratrix take receipts for the same, and that upon filing the receipts in court she and her sureties be discharged pro tanto from liability on her bond; and the title to the property was by decree vested in the several distributees. On June 26, 1860, the administratrix reported sales of all the property of the estate in obedience to previous order and the sales were confirmed and the administratrix ordered to make title to the purchasers.

On the 30th of July of the same year the following order was made and entered upon the minutes: "The partition of the estate having been fully made in accordance with article 823 of Oldham & White's Digest, and bond given as required by said article, and the administratrix having made it appear to the court that she has turned over all the property allotted to the heirs by the commissioners appointed for that purpose, it is ordered and decreed that the said Emily M. Wooters be, and she is hereby discharged as administratrix, and that she and her sureties are fully released from further liability on her bond."

These orders show, we think, that the estate had been fully administered and the administration closed, and the administratrix discharged. The recitals in the last order and decree made and entered in the minutes on the 30th of July, 1860, are conclusive upon these issues; and the probate court having exhausted its jurisdiction over the administratrix and the estate, the court have rendered no other judgment than the one appealed from. If the estate was improperly administered, and if plaintiffs have claims against the administratrix, they must prosecute them in another tribunal than that of the probate court. Portis v. Cummings, 14 Texas, 140; Davis v. Harwood, 70 Texas, 71.

*Affirmed.*