## LEGRAND et al. v. STUBBLEFIELD et al.
### No. 2873.

Court of Civil Appeals of Texas. El Paso.
Sept. 21, 1933.

W. B. Silliman, of Fort Stockton, for appellants.

Hart Johnson and W. A. Hadden, both of Fort Stockton, for appellees.

HIGGINS, Justice.

Appellee Stubblefield was appointed administrator of the estate of Henry Krausman, deceased, and gave bond as such with J. M. Rooney and H. H. Butz as sureties. On May 28, 1932, Stubblefield filed his annual report.

On May 31, 1932, the parties entitled to the estate, appellants here, filed an application to have the estate delivered to them under the provisions of chapter 14, title 54, R. S., and tendered bond as required by law.

On May 31, 1932, the probate court made an order approving the bond tendered by appellants and ordered the administrator to deliver all of said estate then in his hands to appellants.

From a recital in a pleading of appellees it appears that on July 11, 1932, appellants filed some character of pleading attacking the above-mentioned report of the administrator. Such pleading is not in the record before this court.

On December 2, 1932, appellants filed "their Amended Protest and opposition to the annual report of F. A. Stubblefield, J. M. Rooney, H. H. Butz." On the same date the administrator and his sureties, Rooney and Butz, filed an answer attacking the jurisdiction of the probate court to entertain appellant's protest and opposition upon the ground that the estate had been by appellants withdrawn from administration by appellants in the manner shown above. The plea of appellees was sustained and the proceedings dismissed. From this order appellants appealed to the district court, where appellees' plea to the jurisdiction was also sustained. From such order of the district court this appeal is prosecuted.

In the district court appellants filed "statement of nature and result of suit in Probate Court," in which it is affirmatively stated that in pursuance of the decree of the probate court (referring to order of May 31, 1932) "the said F. A. Stubblefield did deliver to said owners the assets and properties then in his hands, as claimed by him, to the said owners."

The question presented is whether, after the administrator had been ordered to deliver and had delivered to appellants all of the estate then in his hands, the probate court had jurisdiction to entertain the objections and protest of appellants to his annual report. The authorities upon this question seem to be in some conflict. But such conflict is perhaps apparent rather than real.

■ The entry by the probate court of an order directing the delivery of an estate to the heirs does not deprive that court of jurisdiction to settle the accounts of the administrator by fixing the balance pro or con. Harris v. McClure (Tex. Civ. App.) 25 S. W. 1095; Houston v. Mayes, 77 Tex. 265, 13 S. W. 1036.

In the case at bar such an order had been entered and complied with. Later appellants filed in the probate court a pleading which is lengthy; the effect of which is an effort to hold the administrator and his sureties liable as for negligence and mismanagement of the estate; also for failure to account for all of its assets and in failing to collect certain claims due the estate. The amount involved is several thousand dollars. The issues presented by the pleading are essentially civil in their nature, not partaking of the character of a proceeding in probate.

■ In our opinion the issues presented by appellants' pleading attacking the annual re-

port of the administrator and the relief sought against him and his sureties bring the same within the rule announced in various cases which deny jurisdiction to the probate court and which hold that the relief sought must be asserted by suit in a court of competent jurisdiction. Francis v. Northcote, 6 Tex. 185; Timmins v. Bonner, 58 Tex. 559; Fort v. Fitts, 66 Tex. 593, 1 S. W. 563; Long v. Wooters, 18 Tex. Civ. App. 35, 45 S. W. 165; Ford v. Wheat (Tex. Com. App.) 36 S. W.(2d) 712; Davis v. Harwood, 70 Tex. 71, 8 S. W. 58.

■ Appellants further contend that if the probate court did not have jurisdiction the district court did have, and the latter court should have tried the case upon its merits. But in this proceeding the district court acquired jurisdiction as an appellate court, and it is well settled that if the court a quo had no jurisdiction of the case, the appellate court can have none. Timmins v. Bonner, supra.

Affirmed.