### BEVILL v. ROSENFIELD.

#### No. 12293.

Court of Civil Appeals of Texas. Dallas.

Jan. 8, 1938.

Rehearing Denied Feb. 19, 1938.

Alexander D. McNabb and Vess E. Jones, both of Dallas, for appellant.

Charles S. McCombs and Elihu E. Berwald, both of Dallas, for appellee.

YOUNG, Justice.

Some time prior to September 17, 1935, appellant, Frank W. Bevill, filed in the probate court of Dallas county a bill of review in a cause there pending, being "No. 15494—In Re Estate of Paul Henry Bevill, Deceased," wherein he sought to set aside the following order of the probate court:

"It appearing to the Court that Frank Bevill, one of the heirs at law of Paul Henry Bevill, deceased, is missing and his residence is unknown, and it appearing that the will of the said Paul Henry Bevill, deceased, which has heretofore been probated, is being contested by certain of the heirs at law of the said Paul Henry Bevill, deceased, and said contest involves the rights of said Frank Bevill, and it further appearing that it is necessary that an attorney be appointed to represent Frank Bevill, an heir whose residence is unknown, and that Max R. Rosenfield is an attorney at law

of the Dallas Bar, and is a suitable person to be appointed to represent the said Frank Bevill. It is therefore ordered, adjudged and decreed that Max R. Rosenfield, attorney at law, be, and he is hereby appointed by the Court as the attorney to represent the interests of Frank Bevill."

On denial of said application in the probate court, appeal was taken to the One Hundred First district court at Dallas, where appellant's said bill was set forth in amended pleadings. Upon hearing, a general demurrer was sustained to the cause of action asserted by appellant, hence this appeal. A brief synopsis of plaintiff's allegations before the trial court, which were thus held generally insufficient, is proper.

Appellant or plaintiff in the trial court alleged that Paul Henry Bevill, referred to in said cause No. 15494 in the probate court, died October 19, 1933; that said Paul Henry Bevill departed this life on or about the 19th day of October, 1933, leaving surviving him his wife, Fannie Bevill, and the following children: Fred Bevill, Ernest Bevill, Hubert Bevill, Clifton Bevill, Garney Bevill, Jessie Bevill, sons of said Paul Henry Bevill, Edna Bevill, a daughter, and appellant, Frank W. Bevill, a son, all heirs at law of said Paul Henry Bevill, deceased; that said Paul Henry Bevill left an estate of both real and personal property of the approximate value of $63,500; that prior to said October 19, 1933, appellant left Dallas and went to Georgia to reside, leaving his father in good health; that he did not learn of his father's death until about July 5, 1935, when he forthwith returned to Dallas; that he then learned said deceased, Paul Henry Bevill, had left a will, bequeathing his property to his wife, Fannie Bevill, and appointing her executrix thereof; that proceedings were had in probate court, following which said Fannie Bevill was duly appointed executrix of the estate of Paul Henry Bevill, deceased, under probate thereof about November 7, 1933; that on June 2, 1934, in said probate cause, Hubert Bevill, Clifton Bevill, Garney Bevill, and Jessie Bevill filed a contest of said will, asking that its probate be canceled and notice thereof was served on Fannie Bevill, executrix, and due return made of such service; that later, on June 19, 1934, appellee herein as guardian of Ernest Bevill, non compos mentis, filed another contest to said will; that on June 13, 1934, in probate court, an order was entered removing Fannie Bevill as executrix and appointing Harold H. Young administrator of said estate, who filed bond and qualified, and has since been acting as such. Appellant further alleged that, about June 19, 1934, the probate court "summarily" entered the above order, appointing appellee as attorney to represent the interest of appellant, Frank W. Bevill, in such estate, though in truth and in fact said order of appointment "was made for the purpose of permitting appellee to appear for appellant and contest the probation of said will of appellant's said father, which had already been probated by said Probate Court."

Appellant further alleged that, on the same day appellee filed the contest on behalf of Ernest Bevill, non compos mentis, carbon copies of said pleadings were used by appellee to file an additional or third contest under his said appointment as attorney; further alleging that such latter contest was wholly unnecessary by reason of the prior contests, and because at said time an agreement had been reached by Fannie Bevill with the contestants of said will—Hubert Bevill, Clifton Bevill, Garney Bevill, and Jessie Bevill—whereby the probate thereof would be canceled. Fraud upon the court and upon appellant was also alleged. An allowance of $800 to said appellee in said probate proceedings, for representing appellant, was complained of, for which recovery was sought in appellant's said bill of review. Appellant's allegations dwelt extensively upon the lack of authority of the probate court to obtain jurisdiction of the person of appellant, insufficiency of service to justify said payment of attorney's fee; want of statutory or lawful authority to act for or represent appellant in such proceedings, demand and refusal by appellee to return said $800 payment, either to the administrator or to said appellant.

Appellee's pleadings set up the validity of such appointment, under many allegations of fact, estoppel, and waiver, ratification by appellant of all acts of appellee in the premises; reasonableness of said fee, or, in the alternative, for the reasonable value of said services on behalf of appellant, which was alleged to be in the sum of $800.

Appellant's suit is in the nature of a bill of review, directly challenging the validity of the probate court order of date June 19, 1934. We consider it sufficient to meet the test stated in Griffith v. Tipps, Tex. Civ.App., 69 S.W. 2d 846, 847, 850, and is permissible as a cause of action. This court, in the case just cited laid down the

rule as to when such character of actions are good as against a general demurrer:

"That in order for a bill of review to be good against a general demurrer, it should recite distinctly and clearly the pleadings, issues, and result of the original suit, so as to enable the court to determine with reasonable certainty the issues involved in the controversy; that in such proceeding the court is authorized to take judicial knowledge of the record of the original cause; and that any fact averred in the bill, inconsistent with or contradictory of the pleadings or judgment in the main case, will be given no effect in determining the legal sufficiency of the bill."

Here the history of the original suit was, we think, sufficiently pleaded. Many fact allegations were made and, as against general demurrer, same should be accorded every reasonable intendment.

 But appellee urges the following and similar counter propositions in support of the validity of such order of the probate court:

"Since the Probate Court is a court of general jurisdiction over probate matters, and all proceedings in the administration of an estate are proceedings in rem, where it affirmatively appears that all the requirements of article 3333 of the Rev.Stat.1925, were complied with upon the filing of the application for letters testamentary upon the estate of a deceased person and that such estate was properly before the court for administration, the court was fully authorized to take any and all action necessary to the protection of such estate, and a necessity for the appointment of an attorney to represent an admittedly missing heir being shown, such appointment is in all respects proper."

Applying this proposition to the face of appellant's pleadings, and without reference to the defensive matters set up by appellee, which will be heard on the trial of this cause to the merits, we conclude there was no lawful authority for the order in question. The probate court, indeed, had general jurisdiction over the estate of the deceased, Paul Henry Bevill, yet that court had not acquired such jurisdiction over the person of "an admittedly missing heir or distributee," as to legally warrant the court appointment of an attorney for appellant, as and when made in said proceedings. 11 Tex.Jur. 714, § 11, Courts, states·

"A fundamental classification distinguishes jurisdiction of the subject matter and jurisdiction of the person. Jurisdiction of the subject matter is jurisdiction of a case belonging to a general class within the defined authority of the court. Jurisdiction of the person is jurisdiction of a party litigant. Jurisdiction over the subject matter exists by reason of the authority vested in the court by the constitution and the statutes enacted thereunder. Jurisdiction of the person is acquired by the taking of such steps as are legally recognized for bringing a party litigant within the control of the court, or by his voluntary submission to its authority. * * *"

Reference is made to the many authorities cited in the text, following the above quotation. Appellant had not been absent for sufficient time as to bring into effect the statutory presumption of death. Notwithstanding the recitals in the order of a necessity for such appointment, by reason of a contest of said will, we find under the pertinent statutes relating to a will contest that the executor or administrator is the only necessary adverse party to this particular action, all interested persons being represented through such statutory official. See Kramer v. Sommers, Tex.Civ.App., 93 S.W.2d 460, 465, which was a suit to void a will already probated. We quote therefrom:

"The application filed in the county court was expressly authorized by the provisions of articles 3433, 3434, and 3435, and in article 3434 the executor or administrator is the only person named upon whom citation must be served. That was a special statutory procedure in which the executor was made the legal representative of all persons interested in the estate. Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Tex. 468, 27 S.W. 100. And the proceeding being statutory, there is no basis for application of the common-law rule that all persons whose interests are to be affected must be made parties to the suit. It is therefore clear that there was no lack of necessary parties." (Citing authorities.)

The contests in the original probate cause No. 15494 appear to have proceeded under the provisions of article 3433 et seq., R.S., as in the Kramer Case, supra. Yet, if article 5534 be invoked, where all persons named in the will are necessary parties to an action to set aside its probate, Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, appellant could not be brought into the case with-

out his consent in the manner indicated in his pleadings. Had he been made a party and service perfected through some available citation by publication statute, a consequent appointment of an attorney might have been authorized. The particular suit, however, out of which the appointment arose, was not one involving the partition and distribution of estates, and the provisions of chapter 24, Estates of Decedents, do not apply, although citation by publication is there required as to nonresidents or unknown parties having an interest.

We have endeavored to confine ourselves to a discussion of the above matters solely as questions of law, with no intention to reflect in the least on the good faith of appellee, or the probate judge, as to this appointment, or as to the character and quality of appellee's subsequent services on behalf of appellant. What we have said relative to appellee's counter proposition above may be helpful to the trial court on another hearing.

Reversed and remanded for trial on the merits.