## ROSENFIELD v. BEVILL.

### No. 12899.

Court of Civil Appeals of Texas. Dallas.

July 13, 1940.

Rehearing Denied Oct. 5, 1940.

Charles S. McCombs and Elihu E. Berwald, both of Dallas, for appellant.

Alexander D. McNabb, of Dallas, for appellee.

YOUNG, Justice.

This is a second appeal, the sufficiency of appellee's pleading as a bill of review having been determined in Bevill v. Rosenfield, Tex.Civ.App., 113 S.W.2d 340, to which we refer for nature of the case and law points involved. Plaintiff, Frank Bevill, again stood for trial upon the same pleading (second amended original petition), to which special exceptions were urged and sustained to all allegations of fraud -and for recovery of the $800 fee in question. This left in the case no issue save the validity vel non of the probate court order, appointing appellant as attorney for Frank Bevill, "a missing heir"; and the subsequent order allowing the sum of $800 for services rendered on behalf of appellee in original probate cause No. 15,494. Our former opinion fully set forth the facts surrounding the entry of these two orders, and further detail thereof is unnecessary. Plaintiff, in many allegations

of fact, reiterated that, at the time of said two orders, he had not entered any appearance in the probate proceedings involving his father's will; that he was then a non-resident of the State, and not cognizant of above probate transactions until more than one year later; further, that said court appointment and allowance were each "arbitrary, oppressive, unjust and confiscatory"; also unnecessary and of no benefit to him. Defendant's answer, in turn, alleged the history of his connection with the entire litigation, his appointment by the probate judge, the extent of his services on behalf of plaintiff; pleading estoppel by reason of Frank Bevill's subsequent participation in the affairs of the estate; making appearance therein, and accepting his pro rata part of the family settlement, thus precluding him from setting up defendant's lack of authority as attorney; also alleging ratification and approval of defendant's services by receiving the benefit thereof. Defendant also asserted the orders and decrees of the probate court under review were just and fair, and that said court, under the circumstances, was duty bound to make said appointment in the interest of said heir; pleading in the alternative that said legal services were reasonably worth the sum of $800, in view of benefits accruing to plaintiff Frank Bevill.

At the conclusion of the trial, the jury were given peremptory instruction to find the aforesaid probate court orders void, which became their verdict, and judgment was rendered accordingly.

On this appeal, defendant's many assignments of error may be thus summarized: (1) That plaintiff, in his bill of review, offered proof merely of no service upon, or appearance by him in the probate cause, prior to said appointment and allowance, and by failing to prove his further allegations touching such orders, a prima facie case was not established; (2) the essentials of a bill of review required an affirmative showing of meritorious reasons therefor, additional to proof of no jurisdiction over appellee's person; (3) the court further erred in excluding appellant's offer of evidence detailing the legal services rendered, their necessity, and the reasonableness of his fee, under which he, and not appellee, was entitled to an instructed verdict; (4) a situation of estoppel and ratification was presented by the undisputed testimony, whereby appellant should have had a peremptory instruction in his favor.

Appellant admitted in the trial court that no character of service was had upon appellee, prior to said appointment and allowance, other than the posting of notice at the time the application for administration upon the estate of Paul Henry Bevill, deceased, was filed; such fact also being reflected by the probate records in evidence at the hearing. It would follow that, as held in our former opinion, the orders under attack were without legal authority and void. Plaintiff's diligence in filing and prosecuting his bill of review beng unquestioned, the admitted lack of service established his cause of action; and petitioner's additional allegations concerning such fee were unnecessary. A judgment void on its face may be enjoined without a showing of meritorious defense thereto. August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303; Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451; Perez v. E. P. Lipscomb & Co., Tex.Civ.App., 267 S.W. 748; San Bernardo Townsite Co. v. Hocker, Tex.Civ. App., 176 S.W. 644; Levy v. Roper, 113 Tex. 356, 256 S.W. 251.

Appellant's defensive issues regarding the fee and of estoppel and ratification were likewise irrelevant; being affirmative matters to be asserted if and when appellee should seek a money judgment in a court of proper jurisdiction. Needless to say, the Dallas County Probate Court did not have that jurisdiction, Vernon's Ann.Civ.St. Arts. 1970—1, 1970—4, Legrand v. Stubblefield, Tex.Civ.App., 63 S.W.2d 399; for which reason, the trial judge eliminated from the cause any attempt to recover the fund, and all issues tendered by defendant in such connection.

But appellant earnestly argues that our opinion upon the prior appeal contemplated that the defensive matters urged by him would be heard upon trial of the instant case on its merits; and that the refusal by the trial court to hear the proffered evidence on the reasonableness of the fee, character of his services, necessity for the appointment and benefits resulting therefrom, was contrary to the mandate of this court. Bevill v. Rosenfield, Tex.Civ. App., 113 S.W.2d 340. Of course, only the sufficiency of plaintiff's petition as against a general demurrer was there involved; the limited extent to which the Dallas County Court, sitting in probate, could take cognizance of the bill of review not being before us for consideration. It had not oc-

curred to us that the probate court was not authorized to render a money judgment, as first prayed for, or to hear the particular defenses interposed to such relief. Aside from this, however, the issue on the present appeal has been narrowed by special exception to the validity, or not, of these probate orders; and want of jurisdiction over appellee appearing on the face of the record renders all other issues immaterial. In view of the foregoing, it would be premature to discuss appellant's 4th, 5th and 6th propositions relative to estoppel, ratification and acceptance of benefits, until such defenses become pertinent to subsequent litigation between the parties.

It follows that the court's peremptory instruction was correct, and the judgment predicated thereon must be affirmed.

Affirmed.