**BEVILL v. YOUNG et al.**

No. 13290.

Court of Civil Appeals of Texas. Dallas.

Dec. 4, 1942.

Rehearing Denied Jan. 8, 1943.

Alexander D. McNabb, of Dallas, for appellant.

Elihu E. Berwald and Hawkins Golden, both of Dallas, for appellees.

YOUNG, Justice.

The matters here involved have been the subject of two previous appeals, Bevill v. Rosenfield, Tex.Civ.App., 113 S.W.2d 340; Rosenfield v. Bevill, Tex.Civ.App., 143 S. W.2d 414; and the material facts of those cases are referred to for brevity. The effect of prior litigation was to declare void the appointment by the Probate Court of Max R. Rosenfield as attorney for Frank Bevill, an admittedly missing heir in the will proceedings then pending in the Dallas County Probate Court, styled "In Re Estate of Paul Henry Bevill, Deceased." Harold Young, administrator of the estate, had paid to Rosenfield, out of Frank Bevill's portion, an $800 attorney's fee, pursuant to said appointment and probate order of June 20, 1934; and this suit was filed against Administrator Young and his bondman, Fidelity & Deposit Company of Maryland, seeking recovery of above amount, together with the damages provided by Art. 3626, R.S., of 10% per month; or a total claim in principal and accrued damages of $5,360. Upon a trial, and when plaintiff Bevill had rested his case, defendants' motion for instructed verdict was sustained and the jury thereby required to find for defendants; and appellant's points of error are predicated on the subsequent adverse judgment.

The void order of appointment recited in the first appeal (113 S.W.2d 340) was made

before the decree of June 20, 1934, under which the $800 was erroneously paid by the administrator to Rosenfield; said last named probate order reading, in material part: "It further appearing to the court that each of the children of Paul Henry Bevill under the written agreement above referred to, is to receive the sum of $1500.00, it is the further order of the court that said sum of money be paid to each of them, and the said Harold H. Young, Administrator, is hereby ordered to pay over to each of said children the sum of $1500.00 each, deducting from the amounts to be paid to Frank Bevill and Earnest Bevill, the attorney's fees heretofore allowed."

The second appeal simply upheld the trial court in holding void and of no effect, the appointment of attorney and all parts of above quoted judgment, authorizing payment of the $800 attorney's fee; and the deduction of said amount from Frank Bevill's share in his father's estate.

It is principally contended by appellees that, after striking from the quoted order all reference to Rosenfield and attorney allowance, the remainder of such 1934 order nowhere authorizes the Administrator to pay $800 to Bevill as heir; hence, is an insufficient predicate for this suit seeking to recover the amount and statutory penalty.

■■ Another portion of this 1934 probate judgment not affected by the previous appeals, provided that "Said Harold H. Young, Administrator, is hereby ordered to pay over to each of said children the sum of $1500.00"; and, following the second appeal, the administrator obviously knew that as to Frank Bevill, the aforesaid judgment had not been fully performed. It was likewise apparent to the administrator that, perforce of the unauthorized payment of attorney's fees, plaintiff Bevill lacked $800 receiving his full distributive share. It is only the valid parts of this order that plaintiff is here seeking to enforce, and said sections are sufficient in purpose and effect to warrant the present suit; for "a judgment may be void in part and valid in part, depending upon the extent to which jurisdiction is acquired." 25 Tex.Jur., Judgments, § 255, p. 695; Buie-Crawford Co. v. Cleburne Nat. Bank, Tex.Civ.App., 111 S.W.2d 830. The features of the order relating to attorney's fees were in excess of the court's powers and may be disregarded; having no effect on the remaining valid provisions requiring payment of $1,500 to each heir, including plaintiff; Williams v. Cass County, Tex.Civ.App., 147 S.W.2d 588.

The opinion of this Court in Rosenfield v. Bevill, 143 S.W.2d 414, supra, was certified to the Dallas County Probate Court for observance; its mandate therein to be in all respects "duly recognized, obeyed and executed." It would have been quite proper thereafter for the Probate Court, on its own motion and specific order, to have required payment of the $800 by the administrator; or plaintiff could have requested an order to the same effect; or the administrator, at such juncture, might have sought instructions of the court as to his duty concerning tender of the $800 to its rightful owner. Neither of these measures was taken, leaving plaintiff to his rights under the original order in probate, which, as already stated, we have deemed a sufficient basis for the instant suit. And said original order, being a complete and enforceable decree ab initio, is not susceptible to attack by the administrator's defenses of estoppel, ratification and confirmation. Our language relative to similar defenses in the first appeal, where Max R. Rosenfield was being sued, is not applicable to the present situation or parties. Additional to this, the defenses named are entirely inconsistent with appellee's official oath, wherein he was bound to well and truly perform the duties of administrator in accordance with law and with the order of the court appointing him.

■■ But is plaintiff entitled to collect damages at the rate of 10% per month, following a failure of the administrator to pay over the $800 upon demand? We do not think so. This Article (3626 R.S.) is highly penal in nature and, as expressed in 39 Tex. Jur., Statutes, § 146, pp. 276, 277, "The more severe the penalty, and the more disastrous the consequences to the persons subjected to the provisions of the statute, the more rigid will be the construction." See, also, Houston, E. & W. T. R. Co. v. Campbell, 91 Tex. 551, 45 S.W. 2, 40 L.R.A. 225. Certainly the statute (Art. 3626) was not infringed by the administrator's original disbursement (later declared to be void), for both his bond and oath contemplated a full compliance with the 1934 order as made. Pertinent here is an excerpt from the court's opinion in Hurley v. Hirsch, Tex. Civ.App., 66 S.W.2d 387, 393: "The orders of a probate court, made in the course of administration, are binding on the estate and the claimants thereto, until vacated by

575

judicial proceedings. So, in the instant case, the administratrix distributed the fund belonging to the estate, under an order of the probate court, thus not liable either for the principal or interest, until such order is annulled, or vacated, and a judicial determination made as to whom and when the fund should be paid, and then only if she declines to perform her duty thus imposed."

 Appellee, being nowise subject to this penalty statute prior to the issuance of mandate following the second appeal, we think that its severe provisions could only have been invoked thereafter upon appellant's procurement of a further probate order directing payment of the $800 residue to its rightful owner. In other words, we hold that the original 1934 probate order, valid in essential features, is a proper basis for recovery of the balance due appellant thereunder, but that any claim for penalties is unwarranted.

Article 3626 has been a part of our statutory law since 1871 and, so far as we can determine, has never been applied. The particular enactment was referred to by our Supreme Court in the early case of Van Hook's Ex'rs v. Letchford & Co., 35 Tex. 598, 599, in the holding that a clear case of contumacy must be made out before such onerous damages would be assessed; and in Stewart v. Morrison, 81 Tex. 396, 17 S.W. 15, 26 Am.St.Rep. 821, where the same statute was involved, the damages assessed were 8% (legal interest) from time of demand.

It may properly be added that, in this record, we find no interval where appellee administrator ever had opportunity to pay the $800, without accrued penalties, because the action seems to have been initiated promptly upon return of the last mandate, with the 10% damage item as the dominant element of appellant's claim.

The judgment below will be reversed and here rendered for plaintiff Frank Bevill against appellees, jointly and severally, for $800, with legal interest (6%) from date of his trial petition, February 26, 1941, until paid.

Reversed and rendered.

On Motion for Rehearing.

At appellant's instance, these additional facts are stated: That Frank Bevill first made demand upon appellee Young for the $800 balance on July 13, 1935; renewing said demand to the administrator between August 12th and 27th, 1935. Our opinion

also understates appellant's prayer for relief, as he seeks $5,360 damages up to time of filing suit, and $800 in addition, together with continuing damages of $80 per month until final payment of the $800 in question. Otherwise, his motion for rehearing will be overruled.