**Louise BILEK, Appellant,**

v.

**Julius TUPA, Sr., Appellee.**

**No. 1138.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1977.

Rehearing Denied April 14, 1977.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

James A. Bouligny, El Campo, for appellee.

## OPINION

BISSETT, Justice.

The primary issues in this case, as disclosed by the points of error, are whether a certain Certificate of Deposit is community property of a decedent and his surviving wife or separate property of the wife, and whether a penalty should be assessed against an independent executor for an alleged failure to deliver certain property to the wife of the decedent.

The will of John J. Bilek, was duly submitted to probate on October 11, 1974 by the County Court of Wharton County, Texas, sitting in probate, hereinafter referred to as the "probate court". The proceedings in the estate bear the Number 7500, and are entitled "ESTATE OF JOHN J. BILEK, DECEASED. Julius Tupa, Sr. and Mrs. Annie Grissom were appointed co-executors in the will, without bond. Both qualified. The will directed that the administration of the decedent's estate be independent of control by the probate court.

On January 6, 1976, Louise H. Bilek, the surviving wife and a named beneficiary under the will of John J. Bilek, Deceased, filed an application in the probate proceedings in the Bilek Estate, wherein she petitioned the probate court: 1) to "interpret" the will of John J. Bilek; 2) to award the entire estate to her; 3) to compel Julius Tupa, Sr. to file a "final accounting" in the estate; 4) to "adjudicate" that she is the sole owner of a Certificate of Deposit in the sum of $18,-324.09; 5) to "vest the fee simple title" in all property belonging to the Bilek Estate in her; and 6) to assess a penalty against Julius Tupa, Sr. because of his "failure to comply with Article 384 of the Probate Code". A hearing was had before the probate court, no jury having been demanded. Judgment was rendered on May 19, 1976. The judgment, insofar as this appeal is concerned decreed:

(1) The Certificate of Deposit was community property of "John J. Bilek and Louise Bilek and as such one-half belongs to the Estate of John J. Bilek and one-half to Louise Bilek".

(2) The will of the decedent "devised and bequeathed his entire estate in trust for the benefit of Louise Bilek, not subject to the management and control of Louise Bilek".

(3) "That no penalty is assessed against Defendant, Julius J. Tupa, Sr."

(4) "All relief not specifically granted herein is denied".

Louise H. Bilek has perfected an appeal from that judgment to this Court. Her first point of error reads as follows:

"The Court erred in ruling all of the inventoried property was community property."

The point is too vague and general to be considered by this Court because it does not direct this Court's attention to any particular error. The effect of such a broad and general point is to simply assert that the trial court committed reversible error in the judgment that was rendered. The point does not comply with the requirement of Rule 418, T.R.C.P. See *Blackmon & Associates, Inc. v. Palmer Building Supplies and Specialties, Inc.,* 463 S.W.2d 228 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd, n.r.e.); *Pleasant Grove Builders, Inc. v. Phillips,* 355 S.W.2d 818 (Tex.Civ.App.—Dallas 1962, writ ref'd, n.r.e.); *Stolte v. Mack Financial Corporation,* 457 S.W.2d 172 (Tex.Civ.App.—Texarkana 1970, no writ); *Wagon Wheel Club, Inc. v. Restaurant Equipment & Supply Co.,* 410 S.W.2d 788 (Tex.Civ.App.—San Antonio 1967, no writ). However, even if we were to consider the point on some legal basis, the record compels us to overrule it.

Julius Tupa, Sr. filed an inventory, appraisement and list of claims in the Bilek Estate. It was duly approved by the probate court. The inventory classified all of the property owned by the Estate of John J. Bilek, Deceased, as community property. Included therein is the Certificate of Deposit for $18,324.09, which is mentioned in the judgment.

The probate court made and filed detailed findings of fact. Included therein are the following findings, which bear on the points raised in this appeal, to-wit:

"All funds of Louise Bilek . . . on hand at the time of . . . marriage were commingled into the Community Estate.

All funds of Louise Bilek derived from the sale of all property owned before her marriage to John J. Bilek were commingled into Community Assets."

The findings were not challenged in this appeal by a formal point of error.

Among the conclusions of law is the following:

"That all real and personal property owned by John J. Bilek and Louise Bilek at the time of the death of John J. Bilek was owned as community property."

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Family Code Ann. § 5.02 (1975). The presumption is rebuttable and so the burden imposed by statute is discharged when a spouse can trace and clearly identify the property claimed as separate property.

■ The mere proof that property when purchased during marriage was separate property does not discharge this burden where separate and community property have become so commingled as to defy re-segregation and identification. *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.Sup.1965).

■ The trial court's findings of fact not challenged on appeal are binding on the appellate court. *McKenzie v. Carte,* 385 S.W.2d 520, 530 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.); *Zapata County v. Llanos,* 239 S.W.2d 699, 701 (Tex. Civ.App.—San Antonio 1951, writ ref'd n.r. e.); *Griffin v. Hidalgo County,* 185 S.W.2d 232 (Tex.Civ.App.—San Antonio 1945, writ ref'd w.o.m.); *Cameron County Water Improvement Dist. No. 1 v. Cameron County Water Improvement Dist. No. 15,* 106 S.W.2d 362, 363 (Tex.Civ.App.—San Antonio 1937, writ dism'd).

■ John J. Bilek and Louise H. Bilek were married during the 1930's. There is no certainty as to the amount of property which Louise H. Bilek brought into the marriage. The only attempt at tracing is based upon vague assertions and rank conclusions. All that is established by competent evidence is that Louise H. Bilek brought several pieces of real estate into the marriage, some of which were later sold. There was apparently no attempt to segregate the money received from the sale of such lands from income received during marriage. It is further shown that the proceeds from the several sales of such lands were invested in properties bearing the names of both John J. Bilek and Louise H. Bilek. That fact also bolsters the findings and conclusions made by the trial judge.

The record in this case, when examined in its entirety, conclusively shows that the proceeds from the sales of the several tracts of land which were owned by Louise H. Bilek as her separate property became commingled with property that was unquestionably community. The record does not reveal that any of the property listed in the inventory of the Estate of John J. Bilek, Deceased, was the separate property of Louise H. Bilek.

We hold, after carefully considering all of the evidence in the record, that Louise H. Bilek, the appellant, has not met her burden of rebutting the presumption that all of the inventoried property of the Estate of John J. Bilek, Deceased, was community property. There is ample evidence of probative value to sustain the finding and conclusion of the trial court that all of the property owned by John J. Bilek and Louise H. Bilek at the time of his death was community property. The first point is overruled.

The second point of error reads:

"The Court erred in failing to order the property belonging to Louise Bilek delivered to her."

The point, as phrased, assumes that Julius Tupa, Sr., in his capacity as independent co-executor of the Bilek Estate, was in possession of property that was owned outright by Louise H. Bilek. There is no basis in the record for such an assumption. Furthermore, the probate court, in its construction of the will, held that all of the decedent's

property was devised in trust for the benefit of Louise H. Bilek, "not subject to the management and control of Louise Bilek". The will appointed persons other than Julius Tupa, Sr. to be testamentary trustees. Rudolf Bilek and Victor Janak, the persons named in the will as trustees, were not parties to the proceedings in the probate court which ensued as a result of the filing of the petition by Louise H. Bilek. Moreover, there is no evidence that Julius Tupa, Sr. had any separate property of Louise H. Bilek in his possession at any time.

Article IV and Article VIII of the probated will make different dispositions of the decedent's estate—Article IV devised all decedent's property to Louise H. Bilek absolutely, while Article VIII, by express reference, devised the property described in Article IV to named trustees in trust for Louise H. Bilek during her lifetime. Article IV is set out in full in a footnote [1] to this opinion. The pertinent portions of Article VIII are also set out in a footnote.[2] The second point of error does not, by the language used therein, directly attack the construction placed by the probate court on the will. However, under a liberal interpretation of the real complaint, as revealed by the statement and argument under the point, that action is attacked. Louise H. Bilek contends that the will devised all of the decedent's property to her in fee simple absolute. In connection with that issue, the probate court concluded:

"That the trust provision of the Bilek Will prevails over the general devise and John J. Bilek does not purport to dispose

of any but his own property. The Will, when construed as a whole, evidence the intent of John J. Bilek to vest his estate assets in trust for Louise Bilek. As such, Louise Bilek is not entitled to such estate, but the same is vested in the trustees for her benefit."

■ The probate court had jurisdiction to construe the will of John J. Bilek, Deceased. Tex.Prob.Code Ann. § 5(d) (Supp.1976). A myriad of rules have been formulated for the court's use in construing a will; however, the primary objective of these aids is to ascertain the real intent of the testator. *Republic National Bank of Dallas v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39, 42–3 (1955).

■ In ascertaining the intent of the testator, the will must be considered as a whole, and all of its provisions must be looked to for the purpose of deciding the real intent of the testator. If this can be done from a consideration of the language used in the will in its entirety, then any particular paragraph, which, if considered alone, might provide the basis for a contrary intent, must yield to the intent which is manifested by a consideration of the entire document. *Bergin v. Bergin,* 159 Tex. 83, 315 S.W.2d 943 (1958).

■ Louise H. Bilek argues that Tex. Rev.Civ.Stat.Ann. art. 1291 (1962) compels a construction of the terms of the will in question so as to vest in her the greatest estate possible, and as such, operates in superiority over other rules of construction.

1. "ARTICLE IV
It is my will and desire that all of the property, both real and personal, that I may die seized and possessed of, after the payment of my just debts, together with the expense incident to the probating of this Will, I give, devise, and bequeath unto my wife, LOUISE H. BILEK, to be her absolute property, if she so survives me."

2. "ARTICLE VIII
In the event that I shall predecease my wife, the said LOUISE H. BILEK, then I give, bequeath and devise such property mentioned in ARTICLE IV herein in trust unto RUDOLF BILEK and VICTOR JANAK as Trustees for the benefit of my said wife, upon and for the following purposes and conditions:

A. Said Trustees shall take, hold and manage and administer said Trust Fund or Trust Estate upon and in accordance with the Texas Trust Act as the same now exists or as it may be amended from time to time, and shall have all the powers, rights, privileges and duties as provided for thereby with the following exceptions and modifications and none other, to-wit:
\* \* \* \* \* \*
B. In the event that either of the two above mentioned Trustees shall predecease me or otherwise fail to serve as Trustee, then in that event JULIUS TUPA, SR. shall serve in such Trustee's capacity."

We do not agree. The statute reads as follows:

"Every estate in lands which shall thereafter [hereafter] be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

Here, the devise in fee simple pursuant to Article IV was expressly limited by the language of Article VIII. The testator was aware of Article IV at the time he made the seemingly inconsistent disposition in Article VIII. The limiting language in the will, as revealed by the provisions of Article VIII, clearly shows that John J. Bilek did not intend to devise all of his property to his wife in fee simple. See *Gilliam v. Mahon*, 231 S.W. 712, 713–4 (Tex.Comm'n App. 1921, jdgmt. adopted); *Darragh v. Barmore*, 242 S.W. 714, 716 (Tex.Comm'n App. 1922, jdgmt. adopted). The probate court correctly construed the will as vesting in the trustees the legal title and possession of the estate properties. Under that construction, Louise H. Bilek was not entitled to a delivery of any property belonging to the Estate. The record is silent as to whether Rudolf Bilek and Victor Janak acted as trustees, and we will indulge in no presumption as to that matter. The second point is overruled.

Louise H. Bilek, in her third and final point, asserts:

"The Court erred in finding Julius Tupa Sr did nothing to justify a penalty in taking possession of the property of Louis Bilek and refusing to surrender same, or render an accounting as requested."

The penalty which Louise H. Bilek seeks to impose on Julius Tupa, Sr. is that which is prescribed by Tex.Prob.Code Ann. § 384 (1956). She contends that the penalty therein provided should be assessed against him because of his failure to deliver the said Certificate of Deposit ($18,324.09) to her, and because of his failure to file an accounting.

Section 384 of the Code is penal in nature and must be strictly construed. *Bevill v. Young*, 167 S.W.2d 573, 574 (Tex.Civ. App.—Dallas 1942, writ ref'd w.o.m.). A review of the facts show that Section 384 is inapplicable in this case.

Louise H. Bilek, among other allegations in her petition, also alleged that Julius Tupa, Sr. "on . . . the 25 day of November 1975, . . . finally forwarded said Certificate . . . to the petitioner's attorney of record, subject to conditions . . . unacceptable to the petitioner, by virtue of the fact that . . . it provides that one half of said Certificate of Deposit belongs to the petitioner and the other half belongs to the estate of John J. Bilek, Sr. . . ."

Under the will, as construed by the probate court (which construction is upheld by this Court), Louise H. Bilek was the lifetime beneficiary of a trust. She was not entitled to either the possession or control of the corpus of the trust properties. That right was in the trustees appointed by the Bilek will. Julius Tupa, Sr., as independent co-executor of the Estate, was duty bound to carry out the terms of the will and to administer the estate in accordance with the provisions of the Texas Probate Code. He was required to collect, preserve and protect the Estate's properties, and to reduce to possession all properties belonging to the Bilek Estate. *Freeman v. Banks*, 91 S.W.2d 1078, 1080 (Tex.Civ.App.—Fort Worth 1936, writ ref'd). Under the terms of the will, as construed, Julius Tupa, Sr. was not in neglect of his duties in failing to relinquish full control of the said Certificate of Deposit to Louise H. Bilek. He did nothing to incur the statutory penalty since Louise H. Bilek, personally, was not entitled to the delivery of any property owned by the Bilek Estate.

Section 384 of the Code deals only with a situation where an "executor or administrator shall neglect to deliver to the person entitled thereto, when demanded, any portion of an estate ordered to be delivered".

Here, Julius Tupa, Sr. has never been "ordered" by a court to deliver any property belonging to the Bilek Estate to Louise H. Bilek.

Furthermore, Section 384 of the Code pertains only to the failure to deliver property to "the person entitled thereto". The mere failure to file an accounting pursuant to Tex.Prob.Code Ann. § 149A (Supp. 1976) is not in violation of any provision of Section 384, and does not warrant the imposition of any penalty under that section of the Code.

The contention that a penalty should be assessed against Julius Tupa, Sr. for the reasons asserted by Louise H. Bilek has no merit. The third point is overruled.

The judgment of the trial court is AFFIRMED.