CROW CREEK GRAVEL & SAND COMPANY *v.* DOOLEY.

Opinion delivered December 22, 1930.

1010

*S. H. Mann,* for appellant.

*G. B. Knott* and *John M. Prewett,* for appellee.

BUTLER, J. The appellant entered into a contract with the appellees to purchase from them certain lands at an agreed price upon the tender of a deed which would convey a marketable title free of liens. The appellant refused to accept the deed and pay for the lands on the ground that the title of the appellees was "not a good and sufficient title." Appellees thereupon brought suit for a specific performance of the contract, and the only question here presented for our determination is whether the title offered was such as the appellant contracted for.

Dr. H. P. Dooley was the owner of the lands in controversy in his lifetime. He was a childless widower, having a number of living brothers and sisters, who were very old people. He also had a number of nephews and nieces, children of brothers and sisters who were dead. All the children of his living brothers and sisters and all the children of his deceased brothers and sisters were adults during the lifetime of Dr. Dooley and at the time of the execution of a will by Dr. Dooley shortly before his death. By this will Dr. Dooley attempted to create a trust for the benefit of one brother and three sisters by which they were to receive the income from certain

funds, which funds were to be distributed and equally divided after their deaths among Dr. Dooley's nephews and nieces then living, some of these being the children of the brother and sisters named in the will as beneficiaries and others being the children of deceased brothers and sisters. W. G. Dooley and his heirs were mentioned in the will to whom nothing was devised for reasons stated therein. After the death of Dr. Dooley his will was duly probated, and a bill was filed in the chancery court seeking a construction of said will, the brother and three sisters then living and all the children of the deceased brothers and sisters being parties plaintiff and the trustees being the parties defendant. On a trial of the case the court found that the trust attempted to be created failed "because the settlor imposed an impossible condition that prevented the execution of the trust," either by the trustees or by judicial action of any court, and because under the terms of the will no title vested in the trustees, and the said will was void. The court further found that the complainants were the heirs at law of Dr. H. P. Dooley, deceased, ordered that the trustees be discharged, and that the property of the testator be distributed among the complainants in the proportion and in the manner set out in the decree. There was no appeal from that decision of the court.

The appellees in the case at bar set out in their complaint the decree of the court above mentioned, alleging that they are the heirs at law of H. P. Dooley, deceased, and that the title offered complied with the contract. The appellant answered and contended that the decree of the chancery court was erroneous, that the trust attempted to be created by Dr. Dooley was valid and enforceable, that the will was and is valid, and that the decree invalidating the will is subject to collateral attack by any of the ultimate beneficiaries under the will, not parties to that proceeding.

The following stipulation was entered into by the attorneys for appellant and appellees, to-wit: "That the title of Dr. H. P. Dooley to the lands involved in this

action was absolute at the time of his death and free from all liens; that George M. Dooley was a brother of H. P. Dooley and Mrs. Mollie Horney and Mrs. Ida B. McCain are the sisters of H. P. Dooley (these were the brother and sisters named in the will to whom the life estate was devised) and are now living and have children now living who are the nephews and nieces of H. P. Dooley, deceased, and said nephews and nieces are not named as parties in the action lately pending in the St. Francis Chancery Court brought by the heirs at law of H. P. Dooley, deceased, against the trustees named in the will of the said Dr. H. P. Dooley to avoid the said will and abrogate and annul the trust attempted to be created thereby, being case No. 5228; and said children are not parties to the present suit except T. W. Horney, son of Mrs. Mollie Horney, who was a defendant as trustee in the said suit to void the will.''

The complainants in this case proceed on the theory that the will is invalid, and was so held by the chancery court, and that they as heirs of Dr. Dooley have good title to the lands involved. They concede that no person is bound by a judgment or decree except those who are parties or stand in privity with others who were parties, and further, that the children of George M. Dooley, a brother, and of Mrs. Mollie Horney, Mrs. Laura Mallory and Mrs. Ida B. McCain, sisters, were not named as parties plaintiff or defendant in the action to construe the will. They insist that these nephews and nieces, as called by counsel ''ultimate beneficiaries,'' were virtually represented by the trustees who were parties defendant, and come within the exception of the general rule that all persons concluded by a decree must have been parties to the suit, and to sustain this view quote from 15 R. C. L. 1026, par. 500, which in effect declares the rule to be that the doctrine of virtual representation, by which persons may be bound by a judgment although not parties to the suit, is on the theory that they are sufficiently represented by those who are parties on the record, and that they will fairly represent the interests of all standing

in like character and responsibility, and a judgment against them will have the effect of *res judicata* against all who were thus represented.

In the construction of wills the exception to the general rule has no application where the ultimate beneficiary is in being, as he, or they, do not stand in privity to those to whom the present estate is devised, although they may be their children because their claim is not based on, nor comes through, any right of the parent, but by virtue of the will, and, being *in esse,* they are necessary parties and not having been made such are not bound by the decree (20 R. C. L. p. 670-71, *Curd* v. *Finch,* 142 N. C. 149, 54 S. E. 1009), and, if it was erroneous, they might in another proceeding have the same annulled in so far as their rights were affected.

If, however, the will is indeed invalid, and the decree binding on the ultimate beneficiaries, on the doctrine of virtual representation, as contended for by appellees, they are in no better situation in this case because there is no proof or admission that they are the sole heirs of Dr. H. P. Dooley, but there is a strong intimation that they are not. W. G. Dooley and his heirs mentioned in the will and excluded from its benefits for the reasons therein stated are presumably some relation to Dr. Dooley, deceased; first, because they are of the same name, and, second, because they are mentioned in the will by name, and these persons are not accounted for. They were not parties to the contract or to this proceeding, and, in the absence of a showing to the contrary, they must be presumed to be still living. The complainants are, therefore, in this dilemma: if the validity of the will may be again brought in question by the ultimate beneficiaries, the children of the brother and three sisters named in the will, (and it can be), the title offered the appellant would be subject to whatever construction might be given the will in another proceeding, and the rights of the ultimate beneficiaries there established; and, as these were not parties to the contract herein involved nor to this suit, the title would be questionable. If the ultimate

1014

beneficiaries were concluded by the decree of the court holding the will void, the title would still not be a merchantable one, because it is apparent that some of the heirs of H. P. Dooley are not parties to this proceeding, and their title would not be conveyed by the deed of appellees.

A title to land may be such that it might not be successfully assailed, and yet not be a merchantable title, for by that term more is implied than a good title; it must be one that can be held without reasonable apprehension of its being assailed and one which can readily be transferred in the market. *Hinton* v. *Martin,* 151 Ark. 343, 236 S. W. 267; *Dalton* v. *Lybarger,* 152 Ark. 195, 237 S. W. 694.

We are of the opinion that under the condition of the title it would not be such that the purchaser could take without reasonable apprehension of its being assailed, nor do we think he could readily sell it on the market because of the fear that at some future time the ultimate beneficiaries in the will of P. G. Dooley or his heirs, not parties to the contract, might appear and assert some claim to the property. Under the rule announced we therefore hold there was no merchantable title tendered, and that the decree of the court below must be reversed and the cause remanded with directions to dismiss the plaintiffs' complaint.

Mr. Justice SMITH not participating.