**Winfield Scott AMEND, Jr., et al.,**
**Appellants,**

v.

**J. D. AMEND et al., Appellees.**

No. 6650.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 18, 1957.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellants.

Sanders, Scott, Saunders & Smith, Amarillo, for appellees.

PITTS, Chief Justice.

This is a suit for a declaratory judgment to construe the will of Leah T. Amend, deceased. On March 5, 1954, Leah T. Amend

duly executed her will and thereafter on July 3, 1954, she duly executed a codicil making some amendments and additions to her original will. Testatrix died on August 30, 1954, and thereafter her will, together with the codicil, was admitted to probate naming L. W. Cole independent executor as provided for in the will.

The formal parts of the will of testatrix revoked former wills executed by her, directed that all debts and taxes be paid out of her estate and acknowledged her former declaration of trust made for the benefit of certain beneficiaries therein named, which declaration was shown to be of record in the Deed Records of Potter County, Texas. Then in Sections A and B of the will she devised and bequeathed certain lands to her daughter and her son, respectively, Leah E. Kay and Winfield Scott Amend, Jr., which provisions were changed by her codicil to her will and are not therefore copied here from the will but are later hereinafter copied as a part of the codicil. In Sections C and D of her will testatrix makes the following bequests:

"C. To my son, Finis Williamson Amend, and my grandson, J. W. Amend, I give to each a life estate, on the north one-half (N–½) of Section No. Sixteen (16), Block 3–T, T and N O Railway Company Survey, Sherman County, Texas, together with any and all minerals I now own under said land, for and during the natural lifetime of him, the said Finis Williamson Amend, and upon his death title shall pass to J. W. Amend, for his enjoyment during his natural lifetime, if he survives Finis Williamson Amend, then said remainder shall pass to and vest in 'The Leah T. Amend Trust,' in trust for the beneficiaries under said 'Declaration of Trust,' and subject to the terms and provisions of said 'Declaration of Trust.'

"D. To my son, James Daily Amend, and my grandson, James Edward Amend, I give to each a life estate, on the South one-half (S–½) of Section No. Sixteen (16), Block 3–T, T and N O Ry. Company Survey, Sherman County, Texas, together with any and all minerals I now own under said land, for and during the natural lifetime of him, the said James Daily Amend, and upon his death, title shall pass to James Edward Amend, for his enjoyment during his natural lifetime, if he survives James Daily Amend, then said remainder shall pass to and vest in 'The Leah T. Amend Trust,' in trust for the beneficiaries under said 'Declaration of Trust,' and subject to the terms and provisions of said 'Declaration of Trust.' "

Following such bequests, the following provisions are found in the will:

"The balance and the remainder of my estate, both real and personal, shall be sold by my executor hereinafter named, and I hereby empower my said Executor to sell all the balance of my estate and the proceeds therefrom are to be divided equally among my four (4) children named above.

"III

"I hereby name, appoint and constitute my trusted friend, L. W. Cole, of The First National Bank in Canyon, Independent Executor of my estate and further request and require that no bond or other security be required of him to act as such Independent Executor, and that no other action of any kind be had in the Court in the administration of my estate other than the probating of this will and the return of an inventory, appraisement and list of claims as may be required by law. I request my said Executor to hold my said estate intact for a period of one year in which he may have time to liquidate the balance of my estate and to carry out any rental agreement with my present tenant, Roy Browder; and I further empower and instruct my Exec-

utor to sell for cash my residence located in Canyon, Texas, at a price most advantageous to my estate, and to turn to each of my children an accounting for the proceeds that come into his hands, as Executor, and stated above, divide the remainder of my estate, and after liquidation, equally between my four (4) children named above."

Omitting the formal parts of the codicil it provides as follows:

"A. To my daughter, Leah E. Kay, and her first born child, I give the west one-half (W–½) of Section Number Fourteen (14), Block 3–T, T and N O Ry. Company Survey, Sherman County, Texas, together with any and all excess which lies immediately to the north of this tract, together also with any and all minerals I now own under said land, for and during her natural lifetime, and to her first born child for and during its natural lifetime. After the death of Leah E. Kay and after the death of her first born child, if there be a child, the said remainder shall pass and vest in 'The Leah T. Amend Trust,' in trust for the beneficiaries under said 'Declaration of Trust,' and subject to the terms and provisions of said 'Declaration of Trust.'

"B. To my son, Winfield Scott Amend, Jr., and his first born child, I give the East one-half (E–½) of Section Number Fourteen (14), Block Number 3–T, T and N O Ry. Company Survey, Sherman County, Texas, together with any and all excess which lies immediately to the north of this tract, together also with any and all minerals I now own under said land, for and during his natural lifetime, and to his first born child for and during its natural lifetime. After the death of Winfield Scott Amend, Jr., and after the death of his first born child, if there be a child, the said remainder shall pass and vest in 'The Leah T. Amend Trust,' in trust for the bene-

ficiaries under said 'Declaration of Trust,' and subject to the terms and provisions of said 'Declaration of Trust.'

"The devises of life estates to my four (4) children described in paragraph II, subdivisions (A), (B), (C), and (D) in my will and in this codicil, are made on this condition, and if any attempt is made by any one of the said four (4) devisees to alienate or sell the life estates so devised, either voluntarily or involuntarily, or if any lien is attempted to be fixed by him/her or with his/her acquiescence, thereon, then said life estate so given to that particular devisee, shall cease and the life estate of his/her child shall commence, but if there be no child of said devisee who shall attempt to sell or encumber his said life estate, then the fee simple ownership shall pass and vest in 'The Leah T. Amend Trust,' in trust for the beneficiaries under said 'Declaration of Trust,' and subject to the terms and provisions of said 'Declaration of Trust.'

"It is my further wish and desire that all my said devisees act in harmony with my executor named in my will, and with each other, and I desire that they accept under the terms of this will and codicil, as I deem it just and fair. But if any of my devisees refuses to accept under this will or codicil, or if any contest is made thereto, or if any one of them refuses to abide by the decisions of my executor, then, in such event, such devisee shall forfeit his or her rights and interest in my estate, and that portion of my estate so forfeited shall vest in those devisees accepting under this my last will and codicil, to share equally and share alike."

After the will was admitted to probate, plaintiffs J. D. Amend and Finis W. Amend, as beneficiaries, filed suit on December 29, 1955, as against L. W. Cole, executor, and beneficiaries Winfield Scott Amend, Jr. and

Leah E. Kay, whose husband, R. C. Kay, was likewise made a party defendant, seeking to have portions of the will construed. Plaintiffs attached copies of the will and codicil of testatrix to their pleadings and made such a part thereof. On May 11, 1956, plaintiffs filed an amended petition, which likewise contained copies of the will and codicil as a part thereof and upon which pleading they went to trial. Defendant L. W. Cole, executor, answered to the effect that he had carried out the provisions of the will and codicil by delivering the lands and distributing other portions of the estate in accordance with the terms of the will. Defendants Winfield Scott Amend, Jr., and Leah E. Kay joined by her husband, R. C. Kay, filed a plea in abatement charging in effect that plaintiffs had failed to make all of the beneficiaries under the terms of the will and codicil parties to this suit; that J. W. Amend, a son of plaintiff Finis W. Amend, James Edward Amend, a minor son of plaintiff James Daily Amend, and Robert Scott Amend, a son of defendant Winfield Scott Amend, Jr., were each beneficiaries of testatrix and were each necessary parties to this suit but not made parties by plaintiffs, for which reason the suit should be abated until these named beneficiaries are made parties to the suit. The said named defendants each pleaded further and joined issues with plaintiffs.

The trial court proceeded to trial without a jury, whereupon plaintiffs offered the will and codicil in evidence together with the oral testimony of L. W. Cole, Executor, and Hon. J. D. Barker, attorney for the estate. Defendants offered the testimony of plaintiff J. D. Amend to the effect that he was not satisfied with the decisions of L. W. Cole, executor, made in the distribution of the estate in question. After hearing the pleadings, evidence and argument of counsel, the trial court entered judgment construing the will and codicil in accordance with requests made by plaintiffs, from which judgment defendants Winfield Scott Amend, Jr., and Leah E. Kay and husband, R. C. Kay, perfected an appeal.

In their first point of error defendants, who will be hereafter called appellants, charge in effect that the trial court committed reversible error in an attempt to enter a final declaratory judgment construing the will and codicil of testatrix without beneficiaries James Edward Amend, J. W. Amend and Robert Scott Amend having been made parties to the suit when the said beneficiaries were each and all necessary and indispensable parties to the suit.

The record reveals that appellees J. D. Amend and Finis W. Amend in effect sought first to have the will construed so as to have the trial court declare that testatrix intended to pass to J. D. Amend a life estate in the land described in Section D of the will by reason of which he was entitled to full ownership of all of the growing crops on the said land at the time testatrix died. The trial court so construed the will and rendered judgment accordingly. Appellants contend that the same provisions of the will that gave appellee J. D. Amend a life estate in the land in question also gave James Edward Amend, a grandson of testatrix, a life estate in the same land and that James Edward Amend is a beneficiary under the terms of the will and is a necessary party to this suit and must have an opportunity to be heard before the terms of the will affecting his interest can be construed against him. Appellees in effect sought next to have the will construed so as to have the trial court declare that testatrix intended to pass to Finis W. Amend a life estate in the land described in Section C of the will by reason of which he was entitled to full ownership of all of the growing crops on the said land at the time testatrix died. The trial court so construed the will and rendered judgment accordingly. Appellants contend that the same provisions of the will that gave appellee Finis W. Amend a life estate in the land in question also gave J. W. Amend, a grandson of testatrix, a life estate in the same land and that J. W. Amend is a beneficiary under the terms of the will and a necessary party to this suit and must have an opportunity to be heard before the terms of the

will affecting his interest can be construed against him. Appellees then in effect sought to have the will and codicil construed so as to have the trial court declare that testatrix did not intend for the executor to harvest the crops growing on a portion of the land at the time testatrix died, sell the same and divide the proceeds therefrom, along with other proceeds, equally among her four children named in the will but that testatrix intended for appellees J. D. Amend and Finis W. Amend to have all of the proceeds from the said growing crops. The trial court so construed the will and codicil and rendered judgment accordingly. Appellants contend that the provisions of the will direct the executor to gather and hold intact all of the remainder of her estate, both real and personal, not including the land itself previously devised, for a period of one year, which would include the growing crops on the premises when testatrix died on August 30, 1954, then settle all obligations including her rental agreement with her tenant, Roy Browder, after which the remainder of the proceeds, including that from the growing crops of 1954, was to be equally divided among the four named children of testatrix, which would include appellants Winfield Scott Amend, Jr., and Leah E. Kay, but the trial court denied appellants recovery for any part of the proceeds from such growing crops. Appellants likewise contend that the trial court held against the interests of a minor, Robert Scott Amend, who was provided for in the codicil to the will as an unborn child of Winfield Scott Amend, Jr., and has since been born but was not made a party to this suit by appellees although he is a necessary party by reason of his being a beneficiary under the terms of the codicil, whose interest was affected by the trial court's judgment.

The language used in Sections C and D of the will is identical except for the description of the land and the names of beneficiaries. The language in each and in the same sentence definitely bequeaths a life estate in the land therein described to a named son and a named grandson. A life

estate in such a bequest begins at the death of testatrix unless otherwise provided for by the terms of the will, and only by implication does the language otherwise used in the will seem to fix the time for the beginning of the bequests for a life estate to the named grandsons therein at the death respectively of the sons therein named, unless a named son should forfeit his rights to a life estate by violating other restrictive provisions of the will, in which event the life estate should pass to the grandson as a successor in title. The terms of the codicil provide for forfeiture under certain conditions, one of which says that if any of testatrix' four named children "refuses to abide by the decisions of my executor, then, in such event, such devisee shall forfeit his or her rights and interests in my estate, and that portion of my estate so forfeited shall vest in those devisees accepting under this my last will and codicil * * *". Executor L. W. Cole testified that he construed the will as meaning that the proceeds from the growing crops of 1954 should be equally divided between the four children and he made an effort to do that but J. D. Amend testified that he was not willing to abide by the decisions of Executor L. W. Cole concerning such a division of that part of the estate. James Edward Amend being the successor of J. D. Amend, in any event, to the life estate in the lands described therein, his interest would be affected if the forfeiture provisions of the will were enforced by reason of J. D. Amend's adverse position taken contrary to the construction Executor L. W. Cole gave the provisions of the will and codicil.

■ In the case of Hay v. Hay, Tex.Civ. App., 120 S.W. 1044, it was held that both the trial court and the appellate court in a suit involving the construction of a will are without jurisdiction to render judgment construing the will unless the beneficiaries are made parties to the suit in order that they may be bound by the decree. In the case of Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25, 27, the court recognized with approval the "familiar rule that in an

action to construe a will all the beneficiaries named therein are necessary parties." But the rule did not apply in that case because the complaining parties were not named as beneficiaries in that portion of an alleged reciprocal will being offered for probate. Concerning a suit to construe a will, 44 Tex. Jur. 766, Sec. 197, says in part:

"Necessary parties must be joined in order to give the court jurisdiction and bind them by a decree, and devisees or legatees named in the will are such parties."

Other jurisdictions observed such a rule as is shown in the case of Dallas Bank & Trust Co. v. Holloway, D.C., 50 F.2d 197, 199, wherein the court said: "The authorities agree upon the proposition that all of the beneficiaries under a will are indispensable parties" in a suit to construe a will and there cites authorities from several jurisdictions. It has been held that there may be an exception to the rule but such an exception does not apply where the interests of the beneficiaries are affected by a judgment construing the will and codicil as is shown to be true in the case at bar. For the reasons stated it is our opinion that the beneficiaries James Edward Amend, J. W. Amend and Robert Scott Amend were necessary parties to this suit. Such being true, it was held in a similar case that:

"* * * in order for the court to have jurisdiction to enter final judgment construing this will, it must follow that no final judgment has been entered in this case in the district court. The absence of a necessary party is fundamental and jurisdictional to such an extent that it must be considered by this Court, and this Court cannot render any judgment in this case except to reverse and remand. Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435." Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 979, 136 A.L.R. 177.

Appellees contend that the evidence does not reveal that any of the grandsons were living. Neither does the evidence reveal that they were not living. The evidence does not reveal that any of the parties to the suit were living but, by plaintiffs making the will and codicil a part of their pleadings and by their introducing in evidence the will and codicil, which names the beneficiaries, it must be presumed that they are living until the contrary has been shown. The record reveals that only the executor, L. W. Cole, and appellee J. D. Amend testified at the trial. Of course, they are presumed to have been living.

For the reasons stated the trial court committed reversible error in attempting to construe the will and codicil and by a decree so entered without having before it all the beneficiaries of the same as necessary parties to the suit. Appellants first point of error is sustained as a result of which their other points become immaterial. Consequently the judgment of the trial court is reversed and the cause is remanded for another trial. Reversed and remanded.