Perry R. LOVE et al., Appellants,

v.

Everett L. MOORE, Appellee.

No. 13626.

Court of Civil Appeals of Texas.

Houston.

March 2, 1961.

Durell Miller, Yoakum, R. L. Miller, Gonzales, for appellants.

Bert Kirk, Frank B. Sheppard, Cuero, for appellee.

BELL, Chief Justice.

Appellants have filed a motion for rehearing. The opinion handed down by the Court on February 9, 1961, is withdrawn and the following is substituted as the opinion of the Court:

The appellee as a taxpayer filed suit against appellants, all of whom, except the Yoakum National Bank and the First State Bank of Yoakum, were Commissioners of the City of Yoakum. Appellee in his petition alleged that the City of Yoakum had advertised for bids for 18 radio receiver-transmitters that it desired to purchase; that Emco, Inc., had submitted a bid that the City Commission had accepted as the best bid; that the contract between Emco, Inc., and the City was void because the Assistant City Attorney owned 20% of the capital stock of Emco, Inc.

The object of the suit was to obtain a judgment declaring the contract void and to enjoin any payments to Emco, Inc., under the contract.

On trial before the court, a judgment was rendered declaring the contract void and enjoining any payment under the contract.

The facts are undisputed. In substance they are that the Honorable Durell Miller was the duly appointed City Attorney. Because of the condition of his health the Honorable James E. Cross, a partner of Mr. Miller in the practice of law, had from time to time sat with and advised the City Commission on legal matters. This service by Mr. Cross was rendered without compensation and purely as an accommodation to Mr. Miller and as a public service. On July 9, 1959 appellee questioned the authority of Mr. Cross to advise the City Commission. The City Commission on this date passed a "motion" approving the appointment of Mr. Cross as Assistant City Attorney, he to act in the absence of and in assistance of the City Attorney. No salary was fixed and none was contemplated. On nine occasions in the year 1958, the minutes of the City Commission show that Mr. Cross appeared and advised the Commissioners, the minutes listing him as City Attorney. At such times, however, actually Mr. Miller was the duly qualified and acting City Attorney. Mr. Cross was really just appearing for Mr. Miller. The charter creates no office of Assistant City Attorney and

there is no ordinance creating any such office. The only motion relating to any office of Assistant City Attorney is the motion appointing Mr. Cross Assistant City Attorney. The contract, the subject of this suit, was let in August, 1959 while Mr. Cross was acting as Assistant City Attorney though Mr. Cross had nothing to do with the transaction at all. It is agreed by all parties that there was no improper conduct, but it is merely contended that Mr. Cross was an officer or, in any event, an employee of the City and he owning stock in Emco, Inc., created in him an interest in the contract.

The trial court held Mr. Cross to be an officer of the City; held the contract void under Article IV, Section 2 of the City Charter and Article 373, Vernon's Ann. Penal Code of Texas; and, issued the injunction prayed for.

■ It will be seen that the suit was brought against the City Commissioners, in their capacity as such, and two banks. The City of Yoakum was not made a party nor was Emco, Inc. made a party to the suit. No question was raised in the trial court about their presence being required. However, on this appeal appellants say both are indispensable parties.

We hold Emco, Inc., whose bid was accepted by the City, is an indispensable party to this suit attacking the validity of the contract and seeking to enjoin payments thereunder. Lowe v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191. We also hold that the City of Yoakum is an indispensable party to such suit. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324. They are indispensable because no judgment can be rendered in the case between the parties to the suit without necessarily affecting the interest of Emco, Inc. and the City.

■ The absence of indispensable parties is fundamental error that may be raised for the first time on appeal. Davis v. Wildenthal, Tex.Civ.App., 241 S.W.2d 620, ref. n. r. e.

We will have to reverse and remand the case. Appellee will have the right to amend so as to bring in these indispensable parties.

The injunction is dissolved and the case is reversed and remanded, but appellee shall be allowed to amend to add all necessary parties. The trial court shall, upon receipt of our mandate, prescribe such time as it deems reasonable within which such amendment must be filed.