Katie B. MASON, Individually and as Independent Executrix and Trustee of the Estate of H. B. Mason, Deceased, Appellant,

v.

Hubert B. MASON, Jr., Appellee.

No. 10964.

Court of Civil Appeals of Texas.

Austin.

May 16, 1962.

Rehearing Denied May 30, 1962.

Cox, Brown & Daniel, Temple, for appellant.

Richey, Sheehy, Teeling & Cureton, Waco, Taylor & Taylor, Temple, for appellee.

RICHARDS, Justice.

This is an appeal from a judgment of the 146th Judicial District Court of Bell County setting aside an order of the County Court of Bell County admitting to probate the will of H. B. Mason, deceased, and declaring such instrument to be a nullity.

On March 19, 1957, H. B. Mason died at Temple, Texas, leaving a last will which was admitted to probate in the County Court of Bell County, Texas on April 8, 1957. Following the probate of the will and the appointment of appellant Katie B. Mason, as independent executrix and trustee of the estate of the decedent, H. M. Mason, Jr., appellee, instituted separate proceedings in the County Court of Bell County, under the provisions of Sec. 93, Texas Probate Code, Vernon's Civil Statutes, to contest the will. On March 28, 1960 a hearing on the contest was had by the County Judge, sitting in probate, without the aid of a jury, and judgment was rendered by the Court denying the contest, from which judgment the contestant H. B. Mason, Jr. perfected his appeal to the District Court of Bell County.

On May 22, 1961 the appeal was tried de novo in the 146th District Court of Bell County with a jury. The only special issue submitted was whether at the time the decedent executed the instrument in question he was acting under the undue influence of appellant, to which the jury answered "Yes". Appellant having filed a motion to disregard the jury finding on the special issue and motion for judgment non obstante veredicto, both of which were overruled, the Trial Court entered judgment denying probate of the will of the deceased, declaring it to be a nullity and not the will of the deceased, and vacated the order admitting the will to probate including that portion of the order appointing appellant independent executrix of the estate of the deceased under the terms of the instrument. Appellant filed her motion for a new trial, which was overruled and has perfected this appeal.

At the death of H. B. Mason he was survived by one son, H. B. Mason, Jr., appellee, his child by a prior marriage, a grandson, Richard Gregg Mason, a minor, the son of appellee, and Mrs. Katie B. Mason, appellant, his second wife. There was no issue born of his marriage with Mrs. Katie B. Mason, the latter however having a son, Billy Burton Ozier, the issue of her first marriage, who is the father of Michael Mason Ozier and Gary Pearson Ozier, minors, and a third child Mark Ozier who was born after the testator's death.

Under the testator's will appellee was to receive the income from a life estate in an undivided one-half interest in certain business property located in Temple, Texas, which had been the homestead of the testator during his first marriage, the remaining one-half undivided interest in the property having passed to appellee upon the death of his mother. Upon the death of appellee his life estate in the one-half interest in the business property was to vest in Mrs. Katie B. Mason as trustee for the benefit of Richard Gregg Mason and Michael Mason Ozier and Gary Pearson Ozier per stirpes subject to the terms and conditions of the trust. Appellee's life estate in the property was not subject to sale, mortgage or other alienation.

Appellant received the family homestead and family automobile outright, together with a one-half interest in fee simple in any separate property owned by the testator at the time of his death. Appellant also received a life estate in all of the property both separate and community owned by the testator at the time of his death, subject to the life estate in the property specifically devised to appellee.

Appellant was appointed independent executrix and trustee of the estate with full power to manage, mortgage, pledge, sell and dispose of any of his estate during the life of the trust provided that the proceeds of such disposition should be reinvested by her and form a part of the estate. The will also provided that in the event of the resignation, incapacity or death of appellant, the Temple National Bank was to be substituted as independent executor and trustee with all of the powers and duties conferred upon appellant.

After the death of appellee and the death or incapacity of appellant, the Temple National Bank as trustee was to use one-half of the income from or the corpus of the estate for the support and education of the children of appellee and one-half for the children of Billy Burton Ozier during their minority and as each child became twenty-one years of age the trustee was to deliver to such child its share of the estate to be held by such child in fee simple, it being the intention of the testator that the corpus of the estate should pass to the children of appellee and Billy Burton Ozier per stirpes and not per capita. There was a further proviso that if the net income from the life estate to appellant should be insufficient for her maintenance in the same circumstances to which she was accustomed during the lifetime of decedent, then appellee could use not to exceed 4 per cent of the corpus of the estate in any one year during the continuance of such condition, which right would terminate upon the cessation of the condition requiring the use of the corpus of the estate over and above the net income to be received by appellant under her life estate.

Appellant bases her appeal upon 20 assignments of error, which are argued under four groups. The first four assignments of error are directed to the jury's finding in answer to the special issue upon the grounds (1) that there was no evidence to support the jury finding or (2) that there was insufficient evidence to support such finding or (3) that the finding is against the great weight and preponderance of the evidence. The 5th and 6th assignments of error are based upon error of the Trial Court in admitting in evidence the inventory, appraisement and list of claims filed in Cause No. 5573, The Estate of H. B. Mason, deceased, in the County Court of Bell County, and the inheritance tax appraisement filed in connection with the same proceedings.

The 7th, 8th, 9th, 10th, 11th, 12th and 13th assignments of error are directed to the error of the Trial Court in permitting counsel for appellee to make inflammatory and prejudicial statements in their arguments to the jury and the 14th, 15th, 16th, 17th, 18th, 19th and 20th assignments of error complain of alleged misconduct of the jury in arriving at their finding in answer to the special issue.

At the outset we are confronted with the question of whether the failure of the contestant (appellee) to make all of the persons named in the will parties defendant in the proceedings instituted under the provisions of Sec. 93, Texas Probate Code, in the County Court of Bell County in Cause No. 5944, does not constitute such fundamental error as to necessitate the reversal of the judgment of the District Court setting aside the will and the remand of this cause to the District Court of Bell County, for the purpose of causing all persons named in the will to be impleaded as necesary and indispensable parties defendant, In re Ramon's Estate, Tex.Com.App., 42 S.W.2d 1010, and a new trial.

In an action brought to set aside the probate of a will under the provisions of Sec. 93, Texas Probate Code (Art. 5534, Vernon's Ann.Civ.St.), all persons named in the will are necessary parties. Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, 988, aff. Tex.Com.App., 12 S.W.2d 978, 980; Moody v. Moody National Bank of Galveston, Tex.Civ.App., 302 S.W.2d 695, 698, no writ history; Bevill v. Rosenfield, Tex.Civ.App., 113 S.W.2d 340, 342, error dism.; 32 Tex.Jur. "Parties", Secs. 9 and 11. The absence of necessary or indispensable parties constitutes fundamental error which may be raised for the first time on appeal. Love v. Moore, Tex.Civ. App., 344 S.W.2d 466, no writ history; Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522, no writ history.

It appears from both the judgment of the County Court of Bell County in Cause No. 5944, the original proceedings contesting the will, as well as from the pleadings filed in the instant case on appeal in the District Court of Bell County, that the only parties to the proceedings in the will contest were appellee as plaintiff and appellant, individually and as the independent executrix of the contested will as defendant. The record is devoid of any showing that the ultimate devisees and legatees of the estate of the decedent named in his will, namely the minors, Richard Gregg Mason, Michael Mason Ozier and Gary Pearson Ozier, were made parties defendant either at the time of the institution of the proceedings under Sec. 93, Texas Probate Code, in the County Court or upon appeal in the District Court of Bell County. Each of the minor children named in the will are persons whose interests will necessarily be affected by any decree that may be rendered and therefore are necessary or indispensable parties. Summerlin v. Reeves, 29 Tex. 85, 86, 88; Cook v. Pollard, 70 Tex. 723, 8 S.W. 512; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 477, and no judgment or decree should be rendered by a Court when it is apparent that all necessary and indispensable parties are not before it. Barmore v. Darrach, Tex.Civ.App., supra; Merritt v. Ryno, Tex. Civ.App., 268 S.W.2d 546, 547, no writ history.

Neither appellant nor appellee has assigned as error the failure to implead all of the persons named in the will of decedent who were necessary and indispensable parties to the contest proceedings. However, where the record affirmatively and conclusively shows that the Court was without power to render the judgment because all necessary and indispensable parties were not before it, as is the case here, it is the duty of this Court to consider and act upon the fundamental error disclosed by the transcript of the record. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 983; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265, 266.

If the judgment of the Trial Court setting aside the probate of the will of H.

B. Mason, Sr. and declaring it to be a nullity should be affirmed, one-half of the community estate and all of the separate estate of the decedent, which, as shown by the inventory and appraisement filed by the appellant in the probate proceedings in the County Court is valued at over $300,000.00, would immediately vest in appellee H. B. Mason, Jr., although it was the clear intention of the decedent as shown in his will that his grandson, Richard Gregg Mason, and any other children of appellee would ultimately receive one-half of his entire estate and the children of Billy Burton Ozier, the son of appellant, would receive the remaining one-half of the estate. Therefore, it is manifest that the rights of appellee's children under the will as well as the rights of the children of Billy Burton Ozier under the will are in direct conflict with the interest of and rights in the estate which appellee would receive if the probate of the will was set aside and the instrument declared to be a nullity. In such event the grandchildren of appellant and the children of appellee would receive nothing from the testator.

To deprive the ultimate beneficiaries of their rights to be represented by attorneys ad litem in the will contest proceedings instituted by appellee under Sec. 93, Texas Probate Code, where their interests in upholding the validity of the will are clearly antagonistic to and in direct conflict with the interest of appellee in striking it down, in our opinion would be contrary to all principles of justice and equity. Compare: Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187, error ref., N.R.E.

After this cause had been submitted and argued, the Court requested counsel for appellant and appellee to furnish authorities for the purpose of demonstrating why the ultimate devisees and legatees of the decedent's will, the minors above referred to, were not necessary and indispensable parties to the will contest proceedings in the County Court of Bell County and upon appeal in the District Court of Bell County. Pursuant to such request both parties have filed supplemental briefs asserting in general that appellant in her capacity as independent executrix and trustee under the will was the only necessary party defendant and although all persons named in the will might have been proper parties, they were not necessary or indispensable parties thereto.

In support of this contention, the case of Allardyce v. Hambleton, Tex.Civ.App., 68 S.W. 834, rev. on other grounds, 96 Tex. 30, 70 S.W. 76, is cited. This was a suit to annul certain provisions of a duly probated will brought under the predecessors of Arts. 3433, 3434 and 3435, in which the Court stated:

"In proceedings under the provisions of the statutes invoked by appellant's counsel, the Executor or Adminstrator with the will annexed is the only party required to be cited to answer the application of the plaintiff. Art. 1993. (Art. 3434). No provision is made for making any other person a party defendant." (Parenthetical matter supplied.)

The next case cited is Kramer v. Sommers, Tex.Civ.App., 93 S.W.2d 460, 465, error dism., a suit for the construction of a will, wherein the Court stated:

"The application filed in the county court was expressly authorized by the provisions of articles 3433, 3434, and 3435, and in article 3434 the executor or administrator is the only person named upon whom citation must be served. That was a special statutory procedure in which the executor was made the legal representative of all persons interested in the estate. * * And the proceeding being statutory, there is no basis for application of the common-law rule that all persons whose interests are to be affected must be made parties to the suit. It is therefore clear that there was no lack of necessary parties."

Also cited are Cheeseborough v. Corbett, Tex.Civ.App., 155 S.W.2d 942, error ref. w. m., and Hunt v. Carroll, Tex.Civ.App., 157 S.W.2d 429, error dism., 140 Tex. 424, 168 S.W.2d 238, both cases citing Kramer v. Sommers, supra, and the latter Bevill v. Rosenfield, supra.

In Bevill v. Rosenfield, which was a suit to set aside an order of the Probate Court appointing an attorney to represent a decedent's estate, the Court stated:

"Notwithstanding the recitals in the order of a necessity for such appointment, by reason of a contest of said will, we find under the pertinent statutes relating to a will contest that the executor or administrator is the only necessary adverse party to this particular action, all interested persons being represented through such statutory official. See Kramer v. Sommers, Tex.Civ.App., 93 S.W.2d 460, 465, which was a suit to void a will already probated."

After quoting from the opinion in Kramer v. Sommers, the Court then stated:

"The contests in the original probate cause No. 15994 appear to have proceeded under the provisions of article 3433 et seq., R.S., as in the Kramer Case, supra. Yet, if article 5534 be invoked, where all persons named in the will are necessary parties to an action to set aside its probate, Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, appellant could not be brought into the case without his consent in the manner indicated in his pleadings."

Prior to the adoption of the Texas Probate Code, effective January 1, 1956, the statutory provisions governing will contests were Arts. 3433, 3434 and 3435, Vernon's Ann.Civ.St., Ch. 12, Title 54, (Estates of Decedents), V.C.S., and Arts. 5534, 5535 and 5536, Title 91 (Limitation of Actions), V.C.S. Arts. 3433 and 3434 provided that where a proceeding to an-

nul or suspend a will which had been probated was instituted, the Clerk of the Court should issue a citation to the executor or administrator to appear and answer. Upon the adoption of the Probate Code, Arts. 3433, 3434 and 3435 were repealed. The table showing where the provisions of the repealed articles are governed by corresponding sections of the Texas Probate Code states that the provisions of Art. 3433 correspond to Sec. 11, Vernon's Ann. P.C.; Art. 3434 to Sec. 33, P.C.; and Art. 3435 to Sec. 15, P.C.

All of the cases cited which involved proceedings instituted under Art. 3433 et seq. were brought after the probate of the will for the purpose of annulling or suspending objectionable provisions or directions in the will or for reviewing incidental probate orders and not for the purpose of contesting and setting aside the will as a whole as not having been executed in conformity with legal requirements. We have been unable to find a single case brought under the provisions of Art. 3433 et seq. for the purpose of setting aside the probate of an entire will as not having been executed in the manner required by law as in the instant case.

Cheeseborough v. Corbett, supra, also cited, was a will contest, but it was not brought under Arts. 3433 et seq. since the will had not been probated. It involved an appeal from an order of the Probate Court denying an application contesting the probate of a will offered for but not previously admitted to probate. On appeal to the District Court, the sole beneficiaries under the will intervened. In the District Court the will was denied probate. From this judgment only the executor, not the beneficiaries under the will, appealed. It is clear that all persons interested in a decedent's estate are parties to a proceeding brought to probate a will. This is so because such proceedings are in rem. It necessarily follows that all such persons are before the Court in a continuation, such as an appeal or appeals, of such proceedings. The Cheeseborough case is, therefore dis-

tinguished for two reasons: (1) the beneficiaries under the will intervened in the District Court, (2) they were parties to the continuance on appeal of the proceedings brought to probate the will.

In his brief appellee contends that although Sec. 33 of the Probate Code, which reads as follows:

(a) "When Citation or Notice Necessary. No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance or return of notice of any probate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof."

does not specifically provide for service of citation upon the executor or administrator in will contest proceedings brought under Sec. 93, Probate Code, it is understandable that the Legislature omitted such specific provision from Secs. 11 and 93 considering that it was entirely covered and included in Sec. 33. Appellee bases this contention upon the theory that since the decisions above cited had been uniform and without conflict for nearly sixty years in holding that the executor or administrator with the will annexed was the only necessary party in a will contest, these decisions were based on rules independent of the statutes although the requirement that the provision for the issuance of citation to the executor or administrator had some persuasive effect.

■ With this contention we are unable to agree. Although Sec. 93, Probate Code, does not specifically designate who should be named as parties defendant in a suit to contest the validity of a will, which had been admitted to probate, nevertheless if the provisions of Sec. 33 are applicable and it is unnecessary to serve citation upon any designated person as defendant in

such proceedings, Sec. 33 would be unconstitutional and void under the provisions of the due process clauses in the Fourth and Fifth Amendments of the Constitution of the United States and Sec. 19, Art. 1, Constitution of Texas, Vernon's Ann.St., since no notice or hearing would be afforded to persons interested in the outcome of such proceedings. Under such construction it would be possible for a person who was desirous of contesting the validity of a will which had been admitted to probate to wait until one year and 364 days had elapsed from the date the will was probated and then file in the proceedings in the County Court a suit to contest the validity of such will without giving notice by citation or otherwise to the persons named in the will and have a judgment by default rendered on the last day permitted by the limitation period. Such a procedure would be in violation of the constitutional provisions above referred to.

It is our opinion that the failure of appellee to make all of the persons named in the will parties defendant in the will contest proceedings instituted under the provisions of Sec. 93, Texas Probate Code, constitutes fundamental error.

The judgment of the 146th Judicial District Court of Bell County setting aside the probate of the will of H. B. Mason, deceased, and vacating the order admitting the will to probate is reversed and the cause remanded with instructions to implead and serve citations upon the minors Richard Gregg Mason, Michael Mason Ozier, Gary Pearson Ozier and Mark Ozier as parties defendant and appoint guardians or attorneys ad litem to represent each or all of such minors to protect their respective interests and after service of citation has been had and the orders appointing the guardian or attorneys ad litem for such minor defendants entered, for a new trial of the issues involved.

In view of the foregoing disposition of this appeal, it is unnecessary to pass upon

the twenty assignments of error urged by appellant or the sixteen cross points of error urged by appellee. The costs of this appeal are assessed against the appellee.

Reversed and remanded with instructions.