Prudence KELSEY et al., Appellants,

v.

Milla HILL et al., Appellees.

No. 7886.

Court of Civil Appeals of Texas.

Texarkana.

July 16, 1968.

Rehearing Denied Oct. 15, 1968.

Edward Southerland, Cunningham, Cole & Southerland, Bonham, for appellants.

Gary B. Maddox, Jack G. Neal, Ramey, Ramey & Neal, Sulphur Springs, for appellees.

CHADICK, Chief Justice.

This is an action to construe a will and apportion residuary assets among beneficiaries. The judgment of the trial court is reversed and the case remanded for the joinder of an indispensable party.

The trial court judgment construed the will of Mary E. Foster, deceased, and apportioned and ordered distributed the residue of the Foster estate among beneficiaries designated in the instrument. Leonard Methodist Church (Leonard, Texas) was adjudged to have a 1/17.335 interest in the residue, and the legal representative of the estate was ordered to pay over to the church a sum of money representing that fraction of the residue. The church was not a party to the suit in the district court. That anomaly in the judgment obliges this court to give attention to the problem of joinder of parties, though the parties to the appeal are silent on the subject. If the ap-

peal record shows the church to be an indispensable party to the action, the trial court did not have jurisdiction to render a judgment. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966). The cited authority also holds that trial court proceedings, in the absence of an indispensable party, are fundamentally erroneous and should be noticed by an appellate court as a matter of course. See also 44 Tex.Jur. 2d Parties § 86 (1963).

The composite result of all pleadings, those of the plaintiff Milla Hill, and the parties aligned with her, and those of the defendant, Prudence Kelsey, Administratrix with the will annexed of the estate of Mary E. Foster, deceased, and the parties aligned with her, was to invoke the aid and power of the district court to construe the Mary E. Foster will, determine and declare the fractional interest of each of the parties in the residue of the estate, and to order the administratrix to divide and distribute the estate's residuary assets. Construction of the will and partition of personal property is the subject matter of the suit. The construction urged by the plaintiffs would effect an additional gift to the church; the defendant's construction left the church's bequest unaffected. Apportionment of the residuary assets of the estate depended upon the construction adopted.

In an early paragraph of the Mary E. Foster Will, a $5,000.00 bequest was made to the Leonard Methodist Church, Leonard, Texas, to be used to put the sanctuary in good condition. In a subsequent paragraph under the heading of "Family Bequests" the will lists a gift of $1,000.00 to Mrs. Pauline Riley of Ft. Lupton, Colorado, with the proviso that if Mrs. Pauline Riley should die before the will was probated the $1,000.00 bequest would go to the Leonard Methodist Church. The trial court's finding of fact and conclusions of law contains this paragraph, to-wit:

"The court finds that Pauline Riley died prior to the time the Will of Mary E. Foster was probated and that the Leonard Methodist Church is entitled to receive the proportional interest of the residue of Mary E. Foster's estate that Pauline Riley would have received had she survived the said Mary E. Foster."

The case previously cited, Petroleum Anchor Equipment, Inc., v. Tyra, 406 S.W.2d 891 (Tex.1966) considers the effect on current practice of Texas Rules of Civil Procedure, rule 39 governing joinder of necessary parties. Referring to the rule the opinion says: "It is * * * at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are *indispensable* parties, * * *." The section referred to in the rule states that: "Persons having a joint interest shall be made parties and be joined as plaintiffs or defendants." The term "joint interest" means joined together in interest, a united interest or an interest shared in common. A comprehensive definition applicable in all cases detailing the meaning and procedural consequence of the term "joint interest", as the term is used in the rule, would be extremely difficult to fashion. For the purposes at hand a useable test for isolating indispensable parties may be suggested, however. It is this: When a person's interest in the subject matter of a suit is directly involved and must be considered and decided in the process of adjudicating the issues between the parties actually named in the suit, the person has a joint interest in the subject matter of the suit and is an indispensable party to the action.

Does the Leonard Methodist Church have a joint interest, as the term is used in Rule 39, with the other parties to the case on appeal? The answer is affirmative. This is so because the issues raised by the pleadings and the evidence can not be fully and finally adjudicated between the parties to the litigation without determining that Leonard Methodist Church would, or would not, participate in the residuary assets of Mrs. Foster's estate, and without also determining that the church was, or was

not, entitled to have apportioned and delivered to it a share of such estate. It seems obvious that a declaratory judgment would be of little or no advantage to the administratrix unless all of the will's beneficiaries entitled to participate in the residuary assets of the estate and the extent of their participation are fixed by a binding decree.

The judgment of the trial court must be reversed, and the case remanded to the trial court with direction that it be dismissed unless the church and all other indispensable parties are brought into the suit within a reasonable time. Consideration has not here been given to the status of Mrs. Pauline Riley or her legal representative, as reversal for the reasons given seemed unavoidable.

DAVIS, J., did not participate in this decision.