James Olen JENNINGS et al., Appellants,

v.

Anton SRP et al., Appellees.

No. 938.

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1975.

Thomas R. Bell, Bell & Bell, Edna, for appellants.

W. T. McNeil, Vance, Vance & McNeil, Edna, for appellees.

## OPINION

NYE, Chief Justice.

This is a will contest. The decedent, Tom J. Srp, at the time of his death, left a will which was admitted to probate in the county court of Jackson County, Texas. The county court of Jackson County upheld the validity of the will. Four of the decedent's brothers and sisters appealed to the district court of Jackson County where the matter was tried before a jury, resulting in a judgment in their favor declaring the will null and void. From that judgment, the appellants, James Olen Jennings, individually and as Independent Executor, and Barabara Jean Jennings, (the nephew and niece respectively of the deceased) have duly perfected their appeal to this Court.

On May 16, 1973, Tom J. Srp, the testator, died, leaving a least will and testament dated December 27, 1967. Mr. Srp never married nor adopted any children during his lifetime. The decedent left as his heirs at law two brothers, Anton Srp and Jim Srp, and four sisters, Agnes Wilson, Janie Laughter, Annie Love and Mary Jennings. The decedent made a will in which he appointed his nephew, James Olen Jennings to serve as Independent Executor without bond. He devised all his property, real, personal and mixed to his nephew, James Olen Jennings and to his niece, Barbara Jean Jennings, in fee simple absolute, share and share alike.

The will was admitted to probate in the county court of Jackson County, Texas, on June 4, 1973. Following the probate of the will, on June 18, 1973, appellees, the two brothers and two of the four sisters (Agnes Wilson and Janie Laughter) of the deceased, filed an objection and contest to the probate of the will of Tom J. Srp under the authority of Section 93, Texas Probate Code, V.A.T.S. Appellees asserted that the instrument dated December 27, 1967, purporting to be the last will and testament of Tom J. Srp was void, because: the decedent was not of sound mind; he did not have the mental capacity to know the extent and value of his estate or to understand the disposition made by the alleged will; and that he did not know or understand the objects of his bounty or the consequences of executing such instrument as his will.

The appeal to the district court was tried de novo before a jury. The jury returned a verdict findng that the deceased did not have testamentary capacity at the time he signed his last will and testament. Accordingly, the trial court entered judgment holding that the will was null and void, and that the properties of the estate of Tom J. Srp should pass to and vest in his heirs at law under the laws of intestate succession in effect at the time of his death. Appellants, the nephew and niece, are now appealing from said judgment.

The appellants bring forward six points of error. The appellants in their first two points complain of the trial court's refusal to grant them a new trial because all of

the persons named in the will of Tom J. Srp, deceased, as devisees and legatees and all those persons classified as heirs at law of the deceased were not made parties to the will contest and were not before the court. The appellants argue that all of the devisees and legatees and all of the heirs at law were necessary and indispensable parties and that their absence constitutes fundamental error for which no proper judgment could be rendered.

The contestants in bringing their will contest suit only named as defendant, James Olen Jennings in his capacity as independent executor of the estate of Tom J. Srp, deceased. The contestants did not name as party defendants nor did they cite James Olen Jennings individually as devisee or legatee under the will of Tom J. Srp nor did they name or cite Barbara Jean Jennings as devisee or legatee under said will. Further, the contestants did not make the remaining heirs at law, Mary Jennings and Annie Love, sisters of the decedent, Tom J. Srp, parties to the will contest.

The narrow question before us is whether in an action to contest a will under the provisions of Section 93, Texas Probate Code (Art. 5534, Tex.Rev.Civ.Stat.Ann.), all persons named in the will and all heirs at law of the decedent are indispensable parties. If they are, their absence as parties constitutes fundamental error for which no judgment should be rendered.

Prior to the adoption of the Texas Probate Code, effective January 1, 1956, the statutory provisions governing will contests were Articles 3433, 3434 and 3435, Vernon's Tex.Rev.Civ.Stat.Ann., Ch. 12, Title 54 (Estates of Decedents), and Articles 5534, 5535 and 5536, Title 91 (Limitation of Actions). Articles 3433 and 3434 provided that where a proceeding to annul or suspend a will which had been probated was instituted, the clerk of the court should issue a citation to the executor or administrator to appear and answer. This was a special statutory procedure in which the executor was made the legal representative of all persons interested in the estate and, therefore, there was no basis for the application of the common law rule that all persons whose interests are to be affected must be made parties to the suit.

Upon the adoption of the new probate code, Articles 3433, 3434 and 3435 were repealed and in their place Sections 93 [1] and 33,[2] Texas Probate Code, were substituted. These sections, however, do not specifically designate who should be named as parties defendant in a suit to contest the validity of a will which has been admitted to probate nor who shall be cited or served with notice.

Rule 39, Texas Rules of Civil Procedure, requires that persons having a joint interest shall be made parties and be joined as plaintiffs and defendants. The term "joint interest" means joined together in interest, a united interest or an interest shared in common. It has been suggested that when a person's interest in a subject matter of a suit is directly involved and

---

1. Section 93, Probate Code—"After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest."

2. Section 33, Probate Code—"(a) When Citation or Notice Necessary. No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance or return of notice in any probate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof."

must be considered and decided in the process of adjudicating the issues between the parties actually named in the suit, the person has a joint interest in the subject matter of the suit and is an indispensable party to the action. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966) and see Cooper, et ux. v. Texas Gulf Industries, Inc., et al., 513 S.W. 2d 200 (Tex.Sup.1974).[3]

Since the Probate Code has been amended deleting the requirement of service only on the executor or administrator [Art. 3433, et seq., and interpreted in Bevill v. Rosenfield, 113 S.W.2d 340 (Tex.Civ.App. —Dallas 1938, writ dism'd), which construed such articles]; all parties having a "joint interest" are indispensable parties. Petroleum Anchor Equipment, Inc. v. Tyra, supra; 61 Tex.Jur.2d Wills § 211 (1964); Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25 (Tex.Com.App.—1939, opinion adopted); Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973 (1941); Hay v. Hay, 120 S.W.2d 1044 (Tex.Civ.App.—1909, no writ); Schoenhals v. Schoenhals, 366 S. W.2d 594 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.); Amend v. Amend, 299 S.W.2d 759 (Tex.Civ.App.—Amarillo 1957, no writ); Crickmer v. King, 507 S.W.2d 314 (Tex.Civ.App.—Texarkana 1974, no writ). Included in this category are all devisees and legatees named in the will. Winston v. Griffith, supra; Amend v. Amend, supra; Mason v. Mason, 357 S. W.2d 442 (Tex.Civ.App.—Austin 1962), rev'd on other grounds, 366 S.W.2d 552 (Tex.1963); Kelsey v. Hill, 433 S.W.2d 241 (Tex.Civ.App.—Texarkana 1968, no writ); Moody v. Moody National Bank of Galveston, 302 S.W.2d 695 (Tex.Civ.App.—Galveston 1957, no writ); Buchanan v. Davis, 300 S.W. 985 (Tex.Civ.App.—El Paso 1927) aff'd, 12 S.W.2d 978 (Tex.Com. App.1929); 61 Tex.Jur.2d, Wills § 211 (1964); Crickmer v. King, supra. Also included are the heirs at law of the decedent, when a construction of the terms of the will would leave any of the property to vest in an intestate remainder. Crickmer v. King, supra.

Both parties refer us to the case of Mason v. Mason, 357 S.W.2d 442 (Tex. Civ.App.—Austin 1962), reversed in 366 S.W.2d 552 (Tex.Sup.1963) as authority for their relative positions on appeal. In the Mason case, the will of H. B. Mason, Sr. was duly admitted to probate. The will devised a life estate in a certain tract of land to the deceased son, Hubert B. Mason, Jr. Mrs. Mason was granted a life estate in all the remaining property. Mrs. Mason, in addition to being named independent executrix, was appointed and named trustee with all powers and duties that are conferred on a trustee by the terms of the Texas Trust Act. (See Tex.Trust Act, Title 125A, Art. 7425b). The will provided that after the death of Hubert B. Mason, Jr. and the death or incapacity of Mrs. Mason, the Temple National Bank should, as trustee in accordance with the trust, support and maintain the children of Hubert Mason, Jr. and Billie Burton Ozier (Mrs. Mason's child of a previous marriage) who were born prior to the death of the testator. At the time of the testator's death, there was living Richard Gregg Mason, a son of Hubert Mason, Jr. and Michael Mason Ozier and Gary Pearson Ozier, children of Billie Burton Ozier, who the Supreme Court, throughout its opinion, refers to as the "Beneficiaries" under the "trust instrument". Hubert B. Mason, Jr. brought suit to contest the validity of the will creating the trust on the ground of undue influence naming only Mrs. Mason, the independent executrix and trustee, as defendant. The above named minor beneficiaries under the trust were not made parties defendant. The trial court rendered judgment declaring the will to be a

---

**3.** The Supreme Court said: "It is clear, moreover, that the persons described in the subdivision are to be joined only if subject to service of process. When such a person cannot be made a party, the court is required to determine 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed.'"

nullity and voiding the order admitting the same to probate. The appellate court on appeal found that the minor beneficiaries were necessary and indispensable parties and reversed the judgment of the trial court.

The Austin Court of Civil Appeals, although correctly setting out the law that the devisees and legatees under a will were necessary parties to a will contest, erroneously applied such law, when actually the suit was brought to cancel a trust instrument with the issue being whether the beneficiaries, not the devisees or legatees, under said trust were necessary parties to the suit. The Court of Civil Appeals in *Mason* incorrectly treated the beneficiaries under the trust as devisees and legatees. The minor children under the trust are classified as beneficiaries and were treated as such by the Supreme Court. See Tex.Trust Act, Art. 7425b–4(J) (1960). The Supreme Court in reversing the appellate court clearly limited their holding to a situation involving the cancellation of a trust instrument with the question being whether the beneficiaries under said trust are necessary parties by stating: "We rest our decision on the doctrine of *virtual representation as applied to the facts in this case where the beneficiaries are cestuis and Mrs. Mason is expressly named as trustee. . . . Where a suit is brought to cancel a trust instrument the beneficiaries are considered to be adequately represented by the trustee if their interest be not in conflict."* (Emphasis added).

The theory or reasoning behind the requirement that beneficiaries under a trust created by a will need not be present, is relatively clear. First, the title to all of the property in the trust is in the trustee. Next, the trustee is a representative of the beneficiaries under the trust. As such, his duty to the beneficiaries is to administer the affairs of the trust in the interest of the beneficiaries alone. See Bogert, Law of Trust § 95 (5th Ed. 1973); Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377 (1945); Mason v. Mason, supra. The beneficiaries under a trust are considered to be adequately represented by the trustee so long as their interests are not in conflict with the trustee.

With regard to the devisees or legatees under a will, a different situation exists. It is undisputed that the named devisees or legatees in the will and the heirs at law of Tom Srp stand to gain or lose the property depending upon the construction given the will. They should be named defendants and served with citation so that they could be represented at such hearing. The mere fact that the named executor is present does not assure that their interest will be adequately represented. This is why a bond is required of an administrator or executor unless waived by the testator. The executor or administrator, as the case may be, is the representative of the estate of the decedent. It is his duty to collect and take into custody the decedent's assets, protect them against waste and destruction and finally properly wind up the estate. He is not the equivalent of a trustee. See Roberts v. Kenna, 241 S.W.2d 680 (Tex.Civ.App.—Beaumont 1951, no writ). See also 18 Tex.Jur.2d, Decedents' Estates, § 346.

The rule then, with respect to the case at bar, is well settled. Legatees and/or devisees and heirs at law whose interests in property will be affected by a construction of the will are indispensable parties to an action to construe the will and must be made parties in accordance with Rule 39, Tex.R.Civ.P.[4] This is as it should be. It prevents fraud. It is equitable and just. And it gives notice to those who are entitled to have their "day in court". Mar-

---

4. An exception to this rule would be nominal legatees. See Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973 (1941).

ange v. Marshall, 402 S.W.2d 236 at p. 242 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.). Many other jurisdictions and other courts follow this same rule. Dallas Bank & Trust Co. v. Holloway, 50 F.2d 197 (N.D.Tex.1931); Barker v. Wilkinson, 222 Ga. 329, 149 S.E.2d 698 (1966); Hitch v. Hitch, 261 A.2d 858 (Me.Sup.Ct.1970); Township of Cinnaminson v. First Camden National Bank and Trust Company, 99 N. J.Super. 115, 238 A.2d 701 (1968); Kirkley v. Bailey, 282 Ala. 115, 209 So.2d 398 (1968); Moore v. Cavett, 368 P.2d 224 (Okl.Sup.Ct.1961); Steele v. Pedroja, 178 Kan. 441, 289 P.2d 738 (1955); In re Bridge's Estate, 40 Wash.2d 133, 241 P.2d 439 (1952); Crow Creek Gravel & Sand Co. v. Dooley, 182 Ark. 1009, 33 S.W.2d 369 (1930); In re Cordes' Estate, 116 S. W.2d 207 (Mo.App.—1938); Hancock v. Reedy, 181 Miss. 830, 180 So. 81 (1938). See also City Trust Company v. Bulkley, 151 Conn. 598, 201 A.2d 196 (1964); Wells v. Dickens, 274 N.C. 203, 162 S.E.2d 552 (1968); 96 C.J.S. Wills § 1088.

█ We therefore conclude and hold that the legatees and devisees named in the will and the heirs at law of Tom J. Srp are all indispensable parties to this action. The trial court was without jurisdiction to proceed in the absence of all of them. Lack of an indispensable party is fundamental error which can and must be noted by the appellate court. Sharpe v. Landowners Oil Ass'n, 92 S.W.2d 435 (Tex. Com.App. 1936, opinion adopted); Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973 (1941); Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup. 1966).

In view of the foregoing disposition of this appeal, it is unnecessary to pass upon the other points of error urged by the appellants.

Judgment of the trial court is reversed and the cause is remanded.